FRANK S. RUSSELL, Respondent, v. ALPHONSE ST. MART et al., Appellants.

1. CHATTEL MORTGAGE — WHEN GIVEN BY TWO MORTGAGORS RESIDING IN DIFFERENT PLACES, MORTGAGE IS VOID UNDER THE STATUTE (L. 1833, CH. 279, § 1) UNLESS FILED IN BOTH PLACES. Where a chattel mortgage to secure part of the purchase price of the mortgaged property is given by the members of a firm, who reside in different places and the mortgage is filed in the town and county where the property is situated and one of the partners resides, but is not filed in the city and county where the other partner resides, the mortgage is thereby rendered void, under the statute (L. 1833, ch. 279, § 1), as against the creditors of the mortgagors, and as against subsequent purchasers and mortgagees in good faith; and the fact that the mortgagee, acting upon the erroneous assumption that the mortgage was due, when it was not, took possession of the property, but not under the safety clause, sold it under an attempted foreclosure and bid it in himself, gives him no title to the property as against existing creditors of the mortgagors lawfully claiming the same.

2. SAME — RIGHTS OF SUBSEQUENT MORTGAGEES HOLDING MORTGAGE ON SAME PROPERTY AS SECURITY FOR GUARANTEEING NOTE MADE BY MORTGAGORS. Where the guarantors of a note made by such mortgagors, in pursuance of an agreement made at the time of guaranty, subsequently take a mortgage, due on the date the note became due, upon the same property as security for their liability as guarantors, and thereafter, and upon the default of the makers, pay the note, they are, even assuming that they are not mortgagees in good faith, creditors of the mortgagors

holding an instrument, which, as the contract of the parties, entitles them to take possession of the mortgaged property, and they are not liable to the first mortgagee as for a conversion of the property.

*Russell* v. *St. Mart*, 83 App. Div. 543, reversed.

(Argued January 17, 1905; decided January 31, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 15, 1903, reversing a judgment in favor of defendants entered upon the report of a referee and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alexander Neish* for appellants. Upon the maturity and payment by defendants of the note on February 26, 1901, which their mortgage was given to secure, every interest which Burtch & Burgess or either of them had in the mortgaged property ceased and vested in the defendants. (*Moore* v. *P. T. Co.*, 133 N. Y. 148; *Bragilman* v. *Dane*, 69 N. Y. 69; *Manchester* v. *Tibbetts*, 121 N. Y. 223; *Stephens* v. *Perrine*, 143 N. Y. 476.) The plaintiff's debt not being due he had no legal authority to take possession, except under the safety clause based upon a good faith belief that danger existed and showing grounds for such belief when it became a question of fact. (*Hawver* v. *Bell*, 19 N. Y. Supp. 612; *Hyer* v. *Sutton*, 59 Hun, 40; *Hathaway* v. *Brayman*, 42 N. Y. 322.) The plaintiff's mortgage not having been filed according to law was void as against the defendants who were creditors of the mortgagors. (*Stewart* v. *Platt*, 101 U. S. 731; *Bueb* v. *Geraty*, 59 N. Y. Supp. 249; *Karst* v. *Gane*, 136 N. Y. 316.) The mortgagors having failed to pay the note when it matured, the defendants were obliged to and did pay the same, thereupon the inchoate obligation ripened into an enforceable demand and they became creditors of the mortgagors as of that time. (*Bueb* v. *Geraty*, 36 Misc. Rep. 161; *Karst* v. *Gane*, 136 N. Y. 316.)

*James Wright* for respondent. The defendants' mortgage was given for a pre-existing debt and they were not subse-

quent mortgagees in good faith. (*Harder* v. *Plass*, 57 Hun, 540; *Wood* v. *Robinson*, 22 N. Y. 567; *Arnold* v. *Patrick*, 6 Paige, 310; *Button* v. *Rathbone*, 126 N. Y. 187; 66 N. Y. 116; *Dusenbury* v. *Hulbert*, 59 N. Y. 541; 58 N. Y. 73; 55 N. Y. 456; *Thompson* v. *Van Vechten*, 27 N. Y. 580; *Van Heusen* v. *Radcliff*, 17 N. Y. 583; *Bar* v. *Cane*, 65 Barb. 286.) The defendants were not in a position to take this plant from the actual possession of plaintiff. (*Thompson* v. *Van Vechten*, 27 N. Y. 568; *Southard* v. *Brenner*, 72 N. Y. 424; *Bowdish* v. *Page*, 153 N. Y. 104.)

Bartlett, J. The plaintiff seeks in this action to recover damages of the defendants for the alleged conversion of a printing plant used in publishing a weekly paper at the village of Hancock, in the county of Delaware.

The material facts out of which this litigation arises are as follows: The firm of Burtch and Burgess, in contemplation of publishing a newspaper at Hancock, applied to the defendants on or about the 26th day of November, 1900, to guarantee the payment of their note for $100.00, representing to them that they had purchased and paid for a printing plant and were about to remove the same to Hancock; that when this was done they would give to defendants a first chattel mortgage thereon as security. The defendants thereupon guaranteed the said note.

On the 3rd day of December, 1900, at Port Byron, N. Y., the plaintiff sold this printing plant to Burtch and Burgess at the agreed price of $600.00; the sum of $100.00 was paid at that time and a chattel mortgage given upon the property to secure the balance of $500.00, payable on the 3rd day of December, 1901. Burtch and Burgess removed this property to Hancock, and on the 21st of December, 1900, executed and delivered to the defendants a chattel mortgage thereon, due on the 26th day of February, 1901, to secure them as such guarantors. The note guaranteed by the defendants was not paid when due on the 26th of February, 1901, and was taken up by them.

It appears that at the time of the execution and delivery of the plaintiff's chattel mortgage Burgess resided at the city of Auburn, in the county of Cayuga, and Burtch at Hancock. This mortgage was filed only in the town of Hancock.

The business of publishing the newspaper turned out to be unsuccessful, and on the 1st of March, 1901, the plaintiff, by his agent, went to the town of Hancock, pursuant to the suggestion of Burtch, and took possession of the property in order to foreclose his chattel mortgage, the latter delivering to him the keys of the rooms in which it was located.

On the 7th of March, 1901, the plaintiff sold this property under an attempted foreclosure of his chattel mortgage, and the same was bid in by the plaintiff. The property remained in the same place until the 29th of March, 1901, when plaintiff sought to remove the same, but on that day the defendants took the possession of it under their past due mortgage. Thereupon the plaintiff began this action for conversion, as the alleged owner of the property. The issues were referred and resulted in a judgment dismissing the complaint. The Appellate Division reversed, with a divided court, upon questions of law only, the facts having been examined and no error found therein.

The reversal is based on a single question of law, whether the action of the defendants on the 29th day of March, 1901, in taking possession of the property in question under their past due mortgage was lawful.

As between Burtch and Burgess and the defendants, the latter, having paid the note they had guaranteed and their mortgage being due, were proceeding strictly within their legal rights. The question then arises, what was the legal position of the plaintiff on the 1st day of March, 1901, when he took possession of the property, and a week later undertook to make title under a foreclosure of his mortgage?

The referee expressly found on sufficient evidence that the plaintiff did not take possession under the danger or unsafe clause in the mortgage, but acted on the erroneous assumption of his agent that the mortgage was due and could be fore-

closed.   The fact was that the mortgage was not due until the following December, 1901.

There is, however, an underlying fact that rendered this seizure of the property by the plaintiff unauthorized in law. The failure to file his mortgage in Auburn, county of Cayuga, where Burgess, one of the mortgagors, resided, rendered it absolutely void as to these defendants.   (Laws of 1833, chap. 279, § 1.)   The non-filing of a chattel mortgage, under the provisions of this statute, renders it absolutely void "as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith."

The learned referee rested his decision upon the ground that the defendants were creditors of the mortgagors.

It is urged on behalf of the plaintiff, although vigorously controverted by defendants, that the defendants are not mortgagees in good faith under the statute, as their mortgage was given to secure a precedent debt; that is, they guaranteed the note on the 26th of November, 1900, and the mortgage to secure the same bears date the 21st of December, 1900.   We assume, without deciding it, that the defendants are not mortgagees in good faith.

This court held that the failure to file a chattel mortgage, where there is no change of possession of the mortgaged property, renders it void as to then existing creditors of the mortgagor, and the mortgagee cannot thereafter acquire title to property by taking possession and selling the same under the mortgage and bidding it off on the sale, and this, although the mortgage was given in good faith to secure an actual indebtedness.   (*Stephens* v. *Perrine*, 143 N. Y. 476.)   It follows that the plaintiff, armed with a chattel mortgage not properly filed, not due and not exercising his right under the safety clause, in taking possession of the property was a mere trespasser.

It is argued on behalf of the plaintiff that at the time the defendants took possession of the property under their chattel mortgage, they were simple contract creditors and in no position to attack the plaintiff's mortgage or possession.   This

court has held that a simple contract creditor is as much within the protection of the statute as a creditor whose debt has been merged in a judgment. (*Karst* v. *Gane,* 136 N. Y. 316, 323.)

The defendants were, as matter of fact, not in the position of simple contract creditors on the 29th day of March, 1901, when they seized this property, as events subsequent to the execution and delivery of the mortgage had changed their position. Their mortgage having fallen due on the 26th of February, 1901, and they having paid the note which matured at that time they became creditors, holding an instrument which, as the contract of the parties, entitled them to take immediate possession of the property. The right of the defendants to do this was as absolute as that of a simple contract creditor who had proceeded to final judgment and execution.

It follows that the taking possession of the property by the defendants on the 29th of March, 1901, was fully authorized in law, and the complaint of the plaintiff was properly dismissed.

We have examined the exceptions presented by the respondent in his brief and find no reversible error.

The order appealed from should be reversed, and the judgment entered upon the report of the referee in favor of the defendants affirmed, with costs in all courts.

CULLEN, Ch. J., GRAY, O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur.

Order reversed, etc. _____