SADLIER et al., Appellants, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Second Department. May 9, 1906.) Action by Annie M. Sadlier and another against the city of New York. No opinion. Motion denied.

SAGEHOMME, Respondent, v. PAUL B. PUGH & CO., Appellants. (Supreme Court, Appellate Division, First Department. May 25, 1906.) Action by Bauduinm Sagehomme against Paul B. Pugh & Co. S. Bacon, for appellants. J. S. Darcy, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

SALMON et al., Respondents, v. ARENTS, Appellant. (Supreme Court, Appellate Division, Second Department. June 22, 1906.) Appeal from Special Term, Kings County. Action by Hamilton H. Salmon and another against Emeline H. Arents, individually and as administratrix of the estate of Charles R. Arents, deceased. From a judgment in favor of plaintiffs, defendant appeals. Affirmed. John P. Elder, for appellant. Charles J. McDermott, for respondents.

PER CURIAM. Affirmed, with costs.

HOOKER, J. (dissenting). This is an appeal by the defendant, individually and as administratrix of the estate of her deceased husband, Charles R. Arents, from a judgment of foreclosure of a chattel mortgage in favor of plaintiffs, copartners. The mortgage was duly executed by the deceased and filed in the proper office on the 12th day of July, 1901. A renewal statement was also filed in the proper office on or about the 10th day of July, 1902. The mortgagor died on the 2d day of August, 1902, and there is no proof or finding that a renewal statement or a copy of the chattel mortgage was filed within 30 days before the expiration of 12 months after the last renewal. The provisions of the lien law (chapter 418, of p. 514, of the Laws of 1897) in relation to the filing of chattel mortgages are a substantial re-enactment of section 1, ch. 279, of p. 402, of the Laws of 1833. The statutory provision is that in the absence of the filing of a statement containing a description of a mortgage, or a copy of such mortgage and its indorsements, together with a statement showing the interest of the mortgagee, etc., a chattel mortgage becomes void as against creditors. The defendant represented the creditors of the estate of her deceased husband, as well as the next of kin, and, while there is no intimation in the evidence or in the findings that there are creditors aside from the plaintiffs, such is the presumption. We recently held, in Huyler v. Dolson, 101 App. Div. 83, 91 N. Y. Supp. 794, that until rebutted the presumption exists that there are creditors for whom an executor holds the personalty of his decedent's estate in trust. The same rule, of course, applies where the deceased left no will and the estate is under the control of an administrator. It is urged that, in the absence of proof that creditors had reduced their claims to judgment, the administratrix may not have the benefit of the statute. It is held, however, that a simple contract creditor is as much within the protection of the statute as where his debt has been reduced to judgment. Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073. The Court of Appeals has recently, on that subject, said: "It is argued on behalf of the plaintiff that at the time the defendants took possession of the property under their chattel mortgage they were simple contract creditors and in no position to attack the plaintiff's mortgage or possession. This court has held that a simple contract creditor is as much within the protection of the statute as a creditor whose debt has been merged in a judgment." Russell v. St. Mart, 180 N. Y. 355, 359, 73 N. E. 31. In these cases the statute of 1833 was under consideration. The general creditors in this estate outside of the plaintiffs are represented by the administratrix, who has been appointed by a competent court, has possession of the property, appears for the benefit of all creditors, and opposes the action to foreclose the mortgage on the ground that by reason of the nonfiling of a copy or statement, described by the statute, it is void as against creditors. She is the trustee for the benefit of the persons interested in the estate, and under familiar principles may for the benefit of such creditors or others interested in the estate "disaffirm, treat as void, and resist all acts done, transfers, and agreements made in fraud of such persons' rights." Redfield's Law and Practice in Surrogate's Court (5th Ed.) p. 411. For these reasons the judgment must be reversed, and new trial granted.

JENKS, J., concurs.

SAMMIS, Respondent, v. DAY, Appellant. (Supreme Court, Appellate Division, Second Department. May 4, 1906.) Action by Mary Sammis against Alfred M. Day. No opinon. judgment of the County Court of Nassau county affirmed, with costs.

SAUGERTIES SAVINGS BANK v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. May 18, 1906.) Action by the Saugerties Savings Bank against the city of New York. No opinon. Motion granted, with $10 costs. Order filed.

SCARANO, Respondent, v. ZIRN, Appellant. (Supreme Court, Appellate Division, Second Department. May 9, 1906.) Action by Pellegrino Scarano against Joseph Zirn. No opinion. Motion denied,

SCHAEFER, Respondent, v. HATFIELD et al., Appellants. (Supreme Court, Appellate Division, Third Department. May 18, 1906.) Action by Philip Schaefer against Charles R. Hatfield and another, as executors, etc., of Christina Hatfield, deceased. No opinion. Motion granted, with $10 costs, unless within 30 days appellants serve upon the respondent's attorney the printed papers on appeal, which he may do upon the payment of $10 and $10 costs of this motion.

SCHLESINGER, Respondent, v. BISCHOFF, Appellant. (Supreme Court, Appellate Division, First Department. April 20, 1906.)

Action by Leo Schlesinger, as receiver, against Henry Bischoff. C. E. Rushmore, for appellant. S. F. Kneeland, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

SELLEW, Appellant, v. HOLMES et al., Respondents. (Supreme Court, Appellate Division, Second Department. May 4, 1906.) Action by Timothy G. Sellew against James H. Holmes and others. No opinion. Judgment affirmed, with costs.

SEROWITZ, Respondent, v. ZWEIFACH et al., Appellants. (Supreme Court, Appellate Term. June 1, 1906.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by Zimon Serowitz against Adolf Zweifach and another. From a Municipal Court judgment in favor of plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Affirmed. J. Wilkenfeld, for appellants. E. A. Klein, for respondent.

PER CURIAM. The case was tried by the justice without a jury. Judgment was rendered for the plaintiff and against the defendants upon conflicting evidence, and the questions of fact were decided in favor of the plaintiff. The claim that the justice presiding at the trial was disqualified is without merit. The judgment and order appealed from should be affirmed, with costs.

In re SHEEDY'S ESTATE. (Supreme Court, Appellate Division, First Department. May 18, 1906.) In the matter of Patrick Sheedy, deceased. No opinion. Motion granted. Order filed.

In re SKINNER'S ESTATE. (Supreme Court, Appellate Division, Second Department. May 9, 1906.) In the matter of the appraisal of the estate of Samuel Perry Skinner, deceased, etc. No opinion. Motion to resettle order granted.

SLAWSON et al., Respondents, v. MONAHAN, Appellant. (Supreme Court, Appellate Division, First Department. July 12, 1906.) Appeal from Special Term, New York County. Action by George S. Slawson and another against Helen F. Monahan to restrain defendant from obstructing the halls or interfering with the lights and access to the plaintiff's premises. From a temporary injunctional order, defendant appeals. Modified and affirmed.

PER CURIAM. The temporary injunction order should be modified, by adding a provision to the effect that nothing therein contained shall be construed as interfering with the right of the defendant to turn on or off, at will the lights in rooms 1 and 8 on the second floor of the building known and numbered as 2875 Broadway, borough of Manhattan, New York, for which she holds a lease, and, as thus modified affirmed, without costs.

SLIPPER v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Depart-

ment. May 18, 1906.) Action by Zillah J. Slipper against the city of New York. No opinion. Motion granted, with $10 costs. Order filed.

In re SMITH. (Supreme Court, Appellate Division, Fourth Department. January 17, 1906.) In the matter of the petition of William Smith for an order revoking and canceling liquor tax certificate No. 26,152, issued to Stephen R. Ryan. No opinion. Order affirmed, with costs.

SMITH, Appellant, v. BERGER MFG. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 9, 1906.) Action by Mason M. Smith against the Berger Manufacturing Company.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

WILLIAMS, J., not voting.

SMITH et al., Respondents, v. RYAN et al., Appellants. (Supreme Court, Appellate Division, First Department. May 25, 1906.) Action by Mary Smith and others against Michael Ryan and others. E. W. S. Johnston, for appellants. W. H. Griffin, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

SMITH, Respondent, v. WALBAUM, Appellant. (Supreme Court, Appellate Division, Second Department. May 9, 1906.) Action by F. De Lysle Smith against Josephine Walbaum. No opinion. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the final award of costs, unless the plaintiff consents to a reduction of the judgment to $150, in which case the judgment of the Municipal Court is affirmed, without costs.

SPRING, Respondent, v. RYAN, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 9, 1906.) Action by T. Davis Spring against Frank M. Ryan. No opinion. Judgment affirmed, with costs.

STERN–BLOCH CO., Respondent, v. FRANKENSTEIN, Appellant. (Supreme Court, Appellate Division, First Department. April 20, 1906. Action by the Stern-Bloch Company against Solomon Frankenstein. R. Nathan, for appellant. D. G. Griffin, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

STEVENS, Respondent, v. GORDON, Appellant. (Supreme Court, Appellate Division, Second Department. May 9, 1906.) Action by William D. Stevens, Jr., against Samuel I. Gordon. No opinion. Order affirmed, with $10 costs and disbursements.

STILLMAN, Appellant, v. JOHNSON et al., Respondents. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by Thomas B. Stillman against Charles S. Johnson and another. G. S. Daniels, for appellant. H. T. Fay, for respondents. No opinion. Judgment affirmed, with costs, with leave