Colden, J.
This is a proceeding under section 696 of the Civil Practice Act to determine the ownership of property levied by the Sheriff of Suffolk County.
There is no dispute about the principal facts. The respondent, Nellie Donaldson, executed and delivered her chattel mortgage in the sum of $600 to the corporate respondent on March 25,1948, covering a certain Chrysler club coupé owned by her, which chattel mortgage was not filed until December 17, 1948. In the months of August and September, 1948, the petitioners, at the special instance and request of said Nellie Donaldson and another, sold and delivered general masonry supplies for the sum of $701.13, on which there was a balance due and owing of $601.13. On December 13,1948, they instituted an action against her and another to recover such balance. She was served that day, and, failing to answer or otherwise move with respect to the complaint, a judgment was entered against her by default on January 5, 1949, for the sum of $632.38, which judgment was docketed the same day with the County Clerk of Suffolk County. On March 25, 1949, an execution in that sum was issued to the Sheriff of Suffolk County who, the next day, levied thereunder on the 1941 Chrysler club coupé above referred to.
The chattel mortgagee and the respondent Donaldson resist this proceeding, contending, in substance, that the delay in filing the chattel mortgage for more than eight months did not invalidate it inasmuch as section 230 of the Lien Law includes within its purview only judgment creditors, subsequent purchasers and mortgagees in good faith and not creditors at large, as were the petitioners up to the time that the chattel mortgage was filed (Button v. Rathbone, Sard & Co., 126 N. Y. 187). However, in Karst v. Gane (136 N. Y. 316, 323), it was held that a simple contract creditor is as much within the protection of the statute as is a creditor whose debt has been merged in a judgment. (Russell v. St. Mart, 180 N. Y. 355.) A general creditor is in no position to assert his rights as to the invalidity of an unfiled chattel mortgage until he has become a judgment creditor. As was stated in Shilton v. Codington (185 N. Y. 80, 86), as follows: “ ‘ A creditor by simple contract is within the protection of the statute as much as a creditor by judgment, but until he has a judgment and a lien, or a right to a lien upon the specific property, he is not in a condition to assert his rights by action as a creditor. ’ (Southard v. Benner, 72 N. Y. 424; Karst v. Gane, 136 N. Y. 316.)”
It follows that merely because the petitioners obtained a judgment subsequent to the tardy filing of the chattel mortgage in *1025 question, they are not deprived of the right to challenge its validity. The excuse offered for the tardy filing is contained in the affidavit of the chattel mortgagee’s treasurer who states that he failed to file it through neglect, and that, as a matter of fact, he did not know that it had to be filed. The fact remains, however, that between the time of the execution of the mortgage and its filing, the petitioners sold merchandise to the mortgagor on her credit, and the long delay in filing is neither reasonable nor excusable under the circumstances. Its tardy filing did not restore its validity as against the petitioners, whose claims came into existence during the default in filing, although they commenced their action before, and obtained judgment by default a short time after, such filing (Karst v. Gane, supra; Tooker v. Siegel-Cooper Co., 194 N. Y. 442).
The petition is, accordingly, granted. Proceed on notice.