JACOB RUPPERT, a Corporation, Respondent, *v.* COMMUNITY NATIONAL BANK, Appellant.

First Department, December 8, 1964.

*Herbert L. Ortner* of counsel (*Salon & Ortner,* attorneys), for appellant.

*Benjamin Leibowitz* of counsel (*Benjamin* and *Meyer Leibowitz,* attorneys), for respondent.

RABIN, J.  Plaintiff, a judgment creditor of the National Beverage Co. (hereinafter referred to as "debtor") having levied upon the debtor's personal property, brings this action to recover the proceeds of the sale of four automobiles sold by defendant pursuant to a chattel mortgage covering said property.  Plaintiff bases its claim on the contention that the chattel mortgage was void as to it so that its levy, pursuant to its judgment recovered against the owners of the automobiles, gave it a right superior to that of defendant.  Both parties moved for summary judgment, which motions were denied by Special Term.  The defendant appeals.

The debtor, a partnership, executed and delivered the chattel mortgage to defendant on March 15, 1962.  The defendant, however, did not file the mortgage in the town where one of the two partners resided, thereby failing to comply with section 232 of the Lien Law (see *Russell* v. *St. Mart,* 180 N. Y. 355).

Thereafter, and on September 18, 1963, plaintiff recovered a judgment against the debtor and an execution upon said judgment was issued to the Sheriff on September 21, 1963.  Pursuant to such execution, and on October 2, 1963, the Sheriff levied upon all of the debtor's nonexempt personalty among which were the four vehicles covered by the mortgage.  On October 17, 1963, two weeks prior to the date set for the Sheriff's sale, defendant informed the Sheriff of the existence of its mortgage and claimed superior rights to the vehicles by reason thereof.  The Sheriff asserts that he then advised plaintiff's counsel of defendant's claim and that counsel thereupon authorized him to release the vehicles to the mortgagee.  Relying upon such authorization the Sheriff excluded them from his sale.  Plaintiff's attorney denies that such consent was given.  Apart from such denial, none of the material facts in the case are controverted.

Subsequent to the conversation between the Sheriff and plaintiff's attorney, the Sheriff sent to the attorney a revised list of items to be included in his sale under plaintiff's execution.  It is to be noted that the four automobiles were excluded from that list.  Subsequently, the defendant sent notice (dated Dec. 4, 1963) of its intention to sell the vehicles pursuant to its chattel mortgage.  Such notice was duly published and posted and a copy thereof was sent by registered mail to plaintiff's attorneys.

The vehicles were sold and the proceeds thereof were retained by the defendant.

Thereafter, and on February 25, 1964, plaintiff discovered that defendant's chattel mortgage had been improperly filed and the instant suit was commenced for the proceeds of such sale upon the theory that plaintiff's rights to such proceeds were paramount.

We conclude that the plaintiff may not recover and that summary judgment should be granted to the defendant.

Inasmuch as defendant's chattel mortgage was improperly filed it was void as to the judgment-creditor-plaintiff (Lien Law, §§ 230, 232; *Russell* v. *St. Mart, supra*; *Stephens* v. *Perrine* 143 N. Y. 476, 480; *Matter of Turchin* v. *Warton,* 260 App. Div. 447). Consequently, when plaintiff issued an execution to the Sheriff, it acquired a lien upon the debtor's property (CPLR 5202), which gave it rights in the vehicles superior to those of the defendant.

However, despite the lien created in favor of the plaintiff by the issuance of execution to the Sheriff, such lien would be subordinate to that of a " transferee ", as defined in CPLR 5202 (subd. [a], par. 1), who acquires the debtor's property before it has been levied upon. In this case a transfer of the automobiles was made to the defendant, but not until after the Sheriff had made a levy on plaintiff's behalf. Consequently the defendant may not be considered a " transferee ". Had such levy not been made this defendant would have qualified as such a " transferee " within the meaning of CPLR 5202 (subd. [a], par. 1).

Defendant contends, however, that the chattels were released from plaintiff's levy and, by reason of such release, it then acquired rights as a " transferee " — superior to those of plaintiff, who at this point was at most in the position of a creditor who had issued execution without having made a levy. On the other hand plaintiff argues that since the Sheriff had no authority to release the automobiles, the purported release was of no effect.

Even were we to accept plaintiff's version of the facts, we conclude that the levy and the lien thereof was lost, so that the plaintiff's rights to the property, if any, were subordinated to those of the defendant. In our opinion it is immaterial whether the Sheriff had permission to release the chattels. The release of the chattels from the levy, without consent, is analogous to the return of an execution unsatisfied without consent. In the latter case the execution is deemed to have expired (see *Garro* v. *Republic Sheet Metal Works,* 284 App. Div. 660, 662; *Walker*

v. *Henry*, 85 N. Y. 130; *Rich* v. *New York White Line Tours*, 266 App. Div. 752). Therefore, when the Sheriff released the chattels from the levy it was as if the chattels had never been levied upon.

As aforesaid, we do not consider it of any consequence whether or not plaintiff gave consent. However, if such consent were required, we find that the record compels a finding that it was given. Although the record, at first blush, would appear to present a triable issue of fact as to whether plaintiff's attorney initially authorized the Sheriff to release the vehicles, the undisputed events which followed clearly establish that plaintiff assented to the release. Plaintiff had knowledge of the release and of the scheduled sale of the chattels by the mortgagee. It had notice of the exclusion of the vehicles from the list of personal property to be sold by the Sheriff under its execution. It also had notice of the proposed sale by the defendant and it had knowledge that the vehicles were in fact sold. Plaintiff's complete failure to assert its position until after defendant's sale, and then only when it discovered the infirmity in defendant's mortgage, belies its denial that it gave initial authorization. Consequently, there is no issue on the question of consent for which a trial is required.

The delivery of the automobiles by the mortgage debtors to the defendant after the release of those chattels from the levy gave the latter standing as a " transferee * * * for fair consideration " with a lien superior to that of the plaintiff. (CPLR 5202, subd. [a], par. 1; see *Stephens* v. *Perrine*, 143 N. Y. 476, 481.) Consequently, the defendant is entitled to retain the proceeds of its sale of the chattels.

Accordingly the order appealed from should be modified, on the law, with costs, to the extent of granting defendant's motion for summary judgment.

BREITEL, J. P., MCNALLY, STEVENS and STEUER, JJ., concur.

Order, entered on May 27, 1964, so far as appealed from, unanimously modified, on the law, to the extent of granting defendant's motion for summary judgment, and, as so modified, affirmed, with $30 costs and disbursements to the appellant.