Louis B. Heller, J.
Defendant, the United States of America, moves to dismiss this action on the grounds that its sovereign immunity has not been waived and therefore, this court lacks jurisdiction over it.
Plaintiff, on April 25, 1968, became the owner of a note and mortgage on real property owned by defendants Ernest Malizia and Dplores Malizia, his wife. It alleges that the note is now in default. The property was insured against fire loss by defendant, All State Insurance Co., and the policy provided for the protection of the plaintiff mortgagee. The premises were destroyed by fire on January 5, 1973 while the insurance policy was in full force and effect.
*288 By notices of tax lien dated February 22, 1973, the defendant United States assessed defendants Malizia for unpaid Federal income taxes. Copies were served upon All State and plaintiff, as was a notice of levy also dated February 22, 1973, and were duly filed.
In March of 1974, the United States obtained a judgment against Mr. Malizia representing a fine imposed upon his conviction under the Federal penal laws which was duly filed. A restraining notice was served upon All State and plaintiff.
In January of 1974 defendant Town of Clarkstown commenced a proceeding in Rockland County to demolish the mortgaged premises as unsafe because of the fire damage and for reimbursement for the cost.
As appears from plaintiff’s brief, it commenced this proceeding to determine the issue of priority rights between it, and the defendants United States, Mr. and Mrs. Malizia and the town with respect to the obligation of defendant All State to pay for the fire loss. Plaintiff states this is a proceeding under CPLR 5239. That statute directs itself to the determination of adverse claims, and thus, the priority thereof. However, "CPLR 5239 is applicable only when property or a debt that may be applied to the satisfaction of a judgment is under the control of a sheriff or receiver.” (6 Weinstein-Korn-Miller, NY Civ Prac, par 5239.03.)
Plaintiff’s argument pivots around the question of priority whereas the court is dealing with the question of jurisdiction. The cases cited by plaintiff have no bearing on the question of jurisdiction over the United States. Ruppert v Community Nat. Bank (22 AD2d 165, affd, 16 NY2d 589) concerned itself with the priority of liens as between a chattel mortgagee and a judgment creditor; Kaplan v Supak & Sons Mfg. Co. (46 Misc 2d 574) involved CPLR 5231 and concerned itself with the effect of an income execution.
Since we are dealing here with a pure question of jurisdiction over the United States in this proceeding, the further arguments raised as to the situs of the fund, as to priority of payment, and as to the date an equitable lien attaches, are all irrelevant.
The Government argues that its sovereign immunity has not been waived. Section 2410 of title 28 of the United States Code states:
*289 "§ 2410. Actions affecting property on which United States has lien.
"(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
"(1) to quiet title to,
"(2) to foreclose a mortgage or other lien upon,
"(3) to partition,
"(4) to condemn, or
"(5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.”
Obviously, this action does not come under any of the first four paragraphs. The only ground under which plaintiff could properly name the United States would be under paragraph (5). This paragraph was added in 1966 and Congress’ intent as to what suits were to be covered was discussed in Johnson Serv. Co. v H.S. Kaiser Co. (324 F Supp 745).
Basically, the court pointed out that interpleader is a remedy whereby persons holding property claimed by more than one person may compel the persons claiming the property to present their claims so that the court may adjudge to whom the property belongs and resolve the conflicting claims.
The court also explained that the distinction is that a bill of interpleader is characterized by the fact that the plaintiff has no interest in the property held, whereas in a bill in the nature of interpleader, the plaintiff need not be without interest in property claimed by others. He may seek to establish his own rights while at the same time, seek to defeat the claims of others. In all other respects, both are governed by the same general principles.
The court held in Johnson (supra, p 749), as this court now holds, that this suit "does not fall within either of these categories for the precise reason that it [plaintiff] possesses no property about which it is in doubt as to the true ownership.”
It is All State who is the stakeholder, the possessor of the property subject to conflicting claims, not plaintiff. The motion is therefore granted.