■ PACKAGE MACHINERY COMPANY, Respondent, v COSDEN OIL & CHEMICAL Co., Appellant, and PHILIP F. CORSO, as Sheriff of Suffolk County, et al., Respondents.—In a proceeding pursuant to CPLR 5239 to determine adverse claims to certain property, in which petitioner seeks (1) a determination of its rights to three machines and (2) to vacate a levy upon those machines, the appeal, as limited by appellant's brief, is from so much of a judgment of the Supreme Court, Suffolk County, dated August 8, 1975, as granted the petition with respect to two of the three machines. Judgment reversed insofar as appealed from, on the law and the facts, with $50 costs and

disbursements to appellant payable by petitioner-respondent, and petition denied with respect to machines numbered P990910 (910) and P990911 (911). Petitioner filed financing statements with respect to machines 910 and 911 with the Secretary of State alone. Section 9-401 (subd [1], par [c]) of the Uniform Commercial Code provides for local filing as well where the debtor has a "place of business" in only one county of this State. Petitioner's evidence, consisting largely of the address listed on the debtor's certificate of incorporation and three checks drawn by the debtor on a Nassau County bank, was insufficient to prove the existence of a "place of business" in Nassau County within the meaning of section 9-401 (subd [1], par [c]) of the Uniform Commercial Code (see *Matter of P. S. Prods. Corp. v Equilease Corp.,* 435 F2d 781; *Matter of Carmichael Enterprises,* 334 F Supp 94). There is no merit to petitioner's contention that appellant is not a "lien creditor" within the meaning of section 9-301 of the Uniform Commercial Code. Had Special Term found that petitioner had not properly perfected, there is no doubt but that appellant's levy would have continued and, in all probability, an execution sale would have been conducted. Thus, the relevant inquiry on this appeal must be as to appellant's status as a lien creditor as of the date that Special Term decided this proceeding in petitioner's favor. The case of *Ruppert v Community Nat. Bank* (22 AD2d 165, affd 16 NY2d 589) does not mandate a different result. In *Ruppert* the chattels had been released from the plaintiff's levy before the judicial proceedings commenced; the plaintiff there was therefore no longer a lien creditor when the action was brought. In addition, CPLR 5202 was applicable to the *Ruppert* case by reason of the fact that the chattels had been "transferred" by the mortgage debtors to the chattel mortgagee. There has been no similar "transfer" in the case at bar; petitioner's reliance upon CPLR 5202 is therefore misplaced. Nor is there any evidence that appellant had knowledge of the security agreements at the time it *became* a lien creditor (see Uniform Commercial Code, § 9-301, subd [1], par [b]). The case of *Matter of Mimshell Fabrics v New York Credit Men's Adjustment Bur.* (491 F2d 21) is inapposite since, in the case at bar, there was no proof that creditors and other people who dealt with the debtor had knowledge of any Nassau County business operation. Hopkins, Acting P. J., Martuscello, Damiani, Christ and Hawkins, JJ., concur.