**WESTERN MEDICAL PROPERTIES CORPORATION, Plaintiff,**

v.

**DENVER OPPORTUNITY, INC., Defendant,**

v.

**UNITED STATES COMMUNITY SERVICES ADMINISTRATION, Claimant for Garnished Funds.**

Civ. A. No. 79–K–1750.

United States District Court, D. Colorado.

Jan. 24, 1980.

Don R. Teasley, Mulligan, Reeves, Teasley & Joyce, Denver, Colo., for Western Medical Properties.

Robert J. Salazar, Baron, Faulkner & Salazar, Denver, Colo., for Denver Opportunity.

C. Scott Crabtree, Asst. U. S. Atty., Denver, Colo., for U. S. Community Services.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

The above-cited case is before the court upon plaintiff's, Western Medical Properties, motion for remand to Denver District Court. In July 1978, the Denver District Court issued a judgment in plaintiff's favor on the issue of defendant's liability for breach of a lease agreement. After several unsuccessful attempts to collect the $29,672 owed to it, plaintiff initiated garnishment proceedings pursuant to Rule 103 of the Colorado Rules of Civil Procedure. A writ of garnishment was served upon First National Bank of Denver, the holder of funds belonging to the defendant.

The garnishee, First National Bank, filed its answer to the garnishment on November 15, 1979. In a supplemental answer filed on November 27, 1979, First National identified Community Services Administration and the Department of Health, Education and Welfare as third persons claiming an interest in garnished funds. The regional director of CSA had notified First National of CSA's claim by letter. Pursuant to Rule 103(i) the clerk of Denver District Court issued a summons to HEW. The purpose of the summons was to enable the claimant, "to set up and defend your claim to or interest in the funds held in accounts of the defendant at the First National Bank of Denver . . . ."

On December 19, 1979, CSA filed a petition requesting removal of this action to the United States District Court. In its answer filed January 4, 1980, the United States claims an interest in the garnished funds by virtue of a monetary grant from CSA and HEW pursuant to 42 U.S.C. § 2790 and 42 U.S.C. § 2978. The government contends that these monetary grants may only be used in specifically described work programs and that without government authorization they cannot be used to satisfy a judgment. CSA's position for removal is based upon two independent grounds, 28 U.S.C. § 1442(a) and 28 U.S.C. § 2410 in conjunction with 28 U.S.C. § 1444.

28 U.S.C. § 1442 provides in part that:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending . . . . .

Whether § 1442 provides a basis for removal of this action depends in the first instance upon whether the garnishment proceeding initiated in this action can be characterized as a civil action for purposes of the removal statute.

■ It is a well settled rule that a suit which is merely ancillary or supplemental to another action cannot be removed from a state court to a federal court. *Federal Savings and Loan Insurance Corp. v. Quinn,* 419 F.2d 1014 (7th Cir. 1969); *Adriaenssens v. Allstate Insurance Co.,* 258 F.2d 888 (10th Cir. 1958); *Overman v. Overman,* 412 F.Supp. 411 (E.D.Tenn.N.D.1976); 1A Moore's Federal Practice ¶ 0.157[4.–11] at 86. The authorities are not in complete agreement as to whether garnishment proceedings are ancillary or independent civil actions.[1]

There is also conflict as to whether the nature of garnishment proceedings should be determined by federal law or state law.

[Some courts reason that] the question of whether a garnishment proceeding is a supplementary or independent action must be resolved by looking to the construction that the state has placed on its garnishment statute. Other courts have reasoned that the right of removal is a federal question that cannot be controlled by a state's characterization of its garnishment statute. (Citations omitted.)

*Overman v. Overman,* supra at 412.

The Tenth Circuit follows the former approach. *Fleeger v. General Insurance Co. of America,* 453 F.2d 530 (10th Cir. 1972); *London & Lancashire Indemnity Co. v. Courtney,* 106 F.2d 277, 283 (10th Cir. 1939). Looking to the state's characterization, the Colorado Supreme Court has characterized garnishment proceedings as ancillary proceedings in aid of execution pursuant to an existing judgment. *Zurich Insurance Company v. Bonebrake,* 137 Colo. 37, 320 P.2d 975 (1958); *Wright v. Nelson,* 125 Colo. 217, 242 P.2d 243 (1952). Thus according to state law a garnishment proceeding is ancillary and therefore cannot be considered a civil action for removal purposes.

■ The above conclusion is sustained even if the state's characterization is not relied upon as controlling.

[The action] must not be a "mere mode of execution or of relief, inseparably connected with original judgment or decree"

. . . .

*International Organization Masters, Mates, etc., Local No. 2 v. International Organization Masters, etc.,* 342 F.Supp. 212 (E.D.Pa. 1972). Garnishment proceedings under Colorado's garnishment statute fall into the category of actions described above. Rule 103(z) of the Colorado Rules of Civil Procedure states that the rights, remedies and proceedings of garnishment shall be available to judgment creditors in aid of execution. Furthermore it is clear that under 103 garnishment is proper only after a valid judgment has been entered. In *Overman, supra,* the court stated:

It is an ancillary proceeding because it must be based upon a valid, unsatisfied judgment and execution. . . . The garnishment proceeding is plaintiff's final step in seeking to satisfy judgment against defendant. It is a supplementary proceeding rather than an independent action.

I hold that proceedings brought pursuant to the Colorado garnishment statute are ancillary and are not civil actions for removal based upon 28 U.S.C. § 1442(a).

The government asserts that this court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2410 and 1444. 28 U.S.C. § 2410 provides:

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to,

(2) to foreclose a mortgage or other lien upon,

(3) to partition,

---

1. See cases cited in 1A Moore's Federal Practice ¶ 0.167[12.–3].

(4) to condemn, or

(5) of interpleader or in the nature of interpleader with respect to,

real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 1444 provides:

Any action brought under section 2410 of this title against the United States in any State court may be removed to the district court of the United States for the district and division in which the action is pending.

In urging that § 2410(a)(5) is applicable to this case, the government asserts that the garnishment proceeding involved here constitutes an action in the nature of interpleader.

■ The difference between an action in interpleader and a bill in the nature of interpleader is that in the latter the plaintiff need not be without an interest in property claimed by others. *Johnson Service Company v. H. S. Kaiser Company,* 324 F.Supp. 745 (N.D.Ill.1971); *South Brooklyn Savings Bank v. All State Insurance Company,* 84 Misc.2d 287, 375 N.Y.S.2d 273 (1975). Otherwise the same general principles govern both types of actions. *Id.*

■ An action in interpleader is defined as:

. . . those suits brought by persons holding property for the purpose of determining who is entitled to property held.

*Johnson Service Company v. H. S. Kaiser Company, supra,* at 748. In *Johnson* the court went on to hold that although the suit was *similar in purpose* to a bill in interpleader or a bill in nature of interpleader, it was neither since plaintiff possessed no property about which there was doubt as to ownership.

Plaintiff has properly characterized the garnishment proceeding in its brief in support of remand.

No party in this case is sued or brought in by the party holding funds. What the Court provided to the government was not in the nature of the commencement of a lawsuit. Certainly the First Nation-

al Bank of Denver did not commence a lawsuit against the government, nor did the bank itself commence any action whatsoever against the government. The summons issued by the Court is not a lawsuit or an action such as would fall within the conventional definition of interpleader, rather, it is notice of a hearing at which the federal government can voice its objections as to why money should not be paid to the plaintiff . . . . No appearance either by complaint, answer in the way of defense or entry of appearance by counsel has been entered by the First National Bank of Denver, and certainly the person holding the funds (the bank) has not brought anybody into the suit by its own action or initiative.

Accordingly, I hold that 28 U.S.C. §§ 2410 and 1444 do not provide this court with subject matter jurisdiction.

IT IS ORDERED that petitioner's motion for remand of this action to Denver District Court is granted.