*276 OPINION OF THE COURT
Edward S. Conway, J.
These are two motions involving basically the same parties and occurrences which will be considered in one opinion by this court.
The first motion is by the petitioner, Beef & Bison Breeders, Inc., for an order vacating the execution issued by the respondent, Capitol Refrigeration Co., Inc. (Capitol Refrigeration), and voiding any levy made pursuant to said execution, on the ground that petitioner has a permanent interest in the property which is the subject of the levy pursuant to CPLR 5239, and for an order determining the rights of the petitioner and respondents regarding the property of the debtor Kwik Serv Meats, Inc. (Kwik Serv).
On February 8, 1980 petitioner entered into a security agreement with Kwik Serv whereby, as security for repayment of a certain promissory note of the same date, Kwik Serv granted petitioner a security interest in all of the personal property, furniture, fixtures, equipment and vehicles then owned or thereafter acquired by Kwik Serv. On February 20, 1980 petitioner filed the financing statement signed by Kwik Serv in the Secretary of State’s office but apparently did not file same in the Albany County Clerk’s office. The debtor, Kwik Serv, thereafter defaulted on the promissory note and petitioner commenced an action against said debtor.
On April 4, 1980 respondent Capitol Refrigeration entered a judgment in the Albany County Clerk’s office against Kwik Serv in the sum of $701.78. On April 16, 1980 a property execution was delivered to the Albany County Sheriff for service on the judgment debtor and on August 15, 1980, the Albany County Sheriff levied upon the assets of the judgment debtor Kwik Serv at 700 New Loudon Road in Latham, New York and scheduled a Sheriff’s sale for August 25, 1980 which has been temporarily stayed.
Respondent Patrick Cornell is the owner of premises formerly occupied by Kwik Serv at 700 New Loudon Road. By virtue of the Sheriff’s levy on behalf of Capitol Refrig *277 eration as aforesaid, all the personal property, chattels and equipment owned by Kwik Serv remain on the premises owned by respondent Patrick Cornell who has advised petitioner and respondent Capitol Refrigeration that they would be charged $40 per day for storage of the property from July 28,1980.
Petitioner Beef & Bison Breeders, Inc. (Beef & Bison) contends that it is the holder of a perfected security interest in the property sought to be levied on, and by virtue of section 9-301 of the Uniform Commercial Code is entitled to priority over the lien creditors, respondents Capitol Refrigeration and Patrick Cornell.
This court cannot agree with the contention of the petitioner. Petitioner does not have a duly perfected security interest in the subject property. The Uniform Commercial Code provides in section 9-401 (subd [1], par [c]) that the proper place to file a financing statement in order to perfect a security interest in equipment is both the Department of State and the County Clerk’s office in which the business is located if the debtor has a place of business in only one county of the State (Package Mach. Co. v Cosden Oil & Chem. Co., 51 AD2d 771). The only evidence before this court is an affidavit, unrefuted, that Kwik Serv had only one place of business in Albany County at 700 New Loudon Road.
As petitioner has not properly perfected its security interest, respondent Capitol Refrigeration’s levy continues and the execution sale of the Sheriff should be conducted immediately.
The motion of petitioner Beef & Bison is in all respects denied. Respondent Capitol Refrigeration is directed to submit an order consistent herewith.
The second motion is by Patrick Cornell for an order directing that petitioner (Cornell) have first priority ■ to the proceeds of the levy made upon the bank accounts of the judgment debtor Kwik Serv, located in the Latham Branch of Key Bank, and that the Sheriff of Albany County apply the proceeds of the levy made upon said bank account to the satisfaction of the judgment of petitioner Patrick Cornell.
*278 On June 30, 1980 a judgment was entered by petitioner Cornell in the Town of Colonie Justice Court against Kwik Serv in the sum of $4,469. A transcript of said judgment was filed with the Albany County Clerk on July 1, 1980 and on July 3, 1980 an execution was issued to the Albany County Sheriff.
On August 20, 1980 the petitioner’s attorneys served an execution with notice to garnishee upon the Sheriff which specified the following property: “Kwik Serv Meats Key Bank checking account, balance $909.99; Kwik Serv Meats Key Bank checking account, balance $92.43.” The Sheriff levied on said bank accounts on August 22,1980.
On April 16, 1980 respondent Capitol Refrigeration as judgment creditor in the amount of $701.80, filed a property execution with the Sheriff for service on the judgment debtor Kwik Serv. The proceeds of the bank accounts which have been turned over to the Sheriff under the levy of August 22, 1980 are sufficient to pay the aforesaid judgment of respondent Capitol Refrigeration.
The petitioner contends that while respondent Capitol Refrigeration admittedly has first priority to the proceeds of levies made on or before August 15, 1980, petitioner has first priority to the proceeds of the bank accounts which were levied upon on August 22, 1980 as the first priority was extinguished.
This court cannot agree with the contention of the petitioner. CPLR 5234 (subd [b]) provides that where two or more executions are issued against the same judgment debtor and delivered to the same enforcement officer, they shall be satisfied in the order in which they were delivered (6 Weinstein-Korn-Miller, NY Civ Prac, par 5234.05). It is not necessary for priority purposes that the Sheriff or enforcement officer levy under the first execution before the delivery of or levy upon a second or subsequent execution. If the levy is made under a junior execution and the judgment debtor’s property is sold, the judgment creditor who first delivered a execution does not lose his priority.
In view of the foregoing, the motion by petitioner Patrick Cornell is in all respects denied.