Susie **RANDOLPH**, Appellant,

v.

**EMPLOYERS MUTUAL LIABILITY IN-
SURANCE COMPANY OF WISCON-
SIN** Garnishee, Appellee.

No. 16009.

United States Court of Appeals
Eighth Circuit.

Nov. 3, 1958.

Rehearing Denied Nov. 28, 1958.

Sherman Landau, St. Louis, Mo., for appellant.

G. W. Marsalek, St. Louis, Mo. (D. G. Dempsey and Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, Mo., were with him on the brief), for appellee.

Before JOHNSEN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff, Susie Randolph, appeals from judgment denying her the right to recover from the garnishee, Employers Mutual Liability Insurance Company of Wisconsin, Stokes' alleged insurer, the amount of a judgment obtained by plaintiff against Stokes in the Circuit Court of the City of St. Louis, Missouri.

Plaintiff was a passenger in Stokes' automobile when it collided with a train. She obtained the state court judgment for $10,000 against Stokes for damages alleged to have been caused her as a result of Stokes' negligent operation of his automobile. Said judgment has become final. Plaintiff caused execution to issue upon said judgment and, pursuant thereto, Employers Mutual Liability Insurance Company of Wisconsin was summoned as garnishee. The garnishee, after being served with summons, filed timely petition for removal of the action to the United States District Court for the Eastern District of Missouri, pursuant to the provisions of 28 U.S.C.A. § 1441

et seq., alleging that garnishment is a civil action, that the issues are completely different, separate, and distinct from the issues in the state suit, that diversity of citizenship exists, and over $3,000 is in controversy. Plaintiff moved to remand the proceedings to the state court, on the ground that garnishment is auxiliary to the principal action, and that the garnishment proceeding is not a separate and independent cause of action. The motion to remand was overruled. Thereupon, the garnishee filed answer to interrogatories, in which it states that it originally questioned whether its policy of automobile liability insurance issued to Stokes was in full force at the time of the accident, but that it had waived such defense. Garnishee specifically denied any liability on its policy, because of Stokes' failure to cooperate in the defense of plaintiff's suit against Stokes. In response to further interrogatories requiring it to state the facts upon which it based its contention that Stokes had failed to cooperate, the garnishee stated that Stokes, although notified and requested to do so, had failed to appear in court at the time his case was to be tried.

Plaintiff's position is that Stokes' failure to appear at the state court trial was justified because the garnishee insurance company had, prior to the scheduled trial, breached its insurance contract by refusing to reimburse Stokes for expenses incurred in one day's attendance in court in connection with a previous attempt to try this case, which resulted in a mistrial, and had refused to guarantee Stokes' expenses at the time he was requested to attend. The issues were submitted to a jury, verdict was returned for the garnishee, and judgment was entered thereon. This appeal by the plaintiff followed.

Plaintiff asserts that she is entitled to a reversal for the following reasons: (1) the federal court lacks jurisdiction to try the Missouri garnishment proceeding; (2) the court erred in overruling plaintiff's motion for a directed verdict made at the close of all the evidence; and (3) the court erred in admitting certain evidence offered by the garnishee. We shall consider plaintiff's contentions in the order stated.

On the jurisdictional issue, it is plaintiff's contention that under Missouri law garnishment is not an independent suit, but is auxiliary to the main action, and hence that such a proceeding is not a removable civil action under 28 U.S.C.A. § 1441(a). Plaintiff further contends that the removal is prohibited by 28 U.S.C.A. § 1441(c). This court has passed upon the jurisdictional problem here presented in Stoll v. Hawkeye Casualty Co., 185 F.2d 96, 22 A.L.R.2d 899, and has ruled adversely to plaintiff's contentions. In the Stoll case this court fully considered the authorities bearing upon the question of whether a garnishment proceeding after final judgment is a civil action. Many of the conflicting authorities are cited in footnote 1 at page 98. Other authorities are collected in Annotation, 22 A.L.R.2d 904. The court held that a post judgment garnishment proceeding is a civil action within the meaning of 28 U.S.C.A. § 1441(a), and that diversity of citizenship and the jurisdictional amount having been established, the garnishment proceeding was properly transferred to the federal court.

Plaintiff urges that the Stoll case is not controlling since there a South Dakota garnishment was involved while we deal with a Missouri garnishment. It would appear that Missouri regards garnishment as a proceeding auxiliary to the main suit. See Hoagland v. Rost, D.C.W.D.Mo., 126 F.Supp. 232, and cases therein cited. In the Stoll case, supra, we found it unnecessary to determine whether South Dakota regarded the garnishment proceeding as auxiliary and ancillary or as an independent suit. We stated (185 F.2d at page 99):

"The question whether a civil action is removable and has been properly removed is one for the consideration of the federal court and is not controlled by State law. Harrison v. St. Louis & San Francisco R. Co., 232 U.S. 318, 328-329, 34

S.Ct. 333, 58 L.Ed. 621; Donald v. Philadelphia & Reading Coal & Iron Co., 241 U.S. 329, 333, 36 S.Ct. 563, 60 L.Ed. 1027; Terral v. Burke Construction Co., 257 U.S. 529, 532, 42 S.Ct. 188, 66 L.Ed. 352; Commissioners of Road Improvement District [No. 2 of Lafayette County, Ark.,] v. St. Louis Southwestern Ry. Co., 257 U.S. 547, 557–558, 42 S.Ct. 250, 66 L.Ed. 364.

"We therefore find it unnecessary to consider whether the Supreme Court of South Dakota regards a garnishment proceeding as auxiliary and ancillary to the main action or as an independent suit, a question as to which the parties disagree. * * *"

Since federal law controls on the question of whether the garnishment proceeding is a civil action, the classification which the Missouri courts give garnishment proceedings is in no way binding upon us.

Federal district courts have followed the Eighth Circuit and have upheld removal of Missouri garnishment proceedings to the federal court. Clarkin v. Worthley, D.C.W.D.Mo., 114 F.Supp. 877; E. C. Robinson Lumber Co. v. Fort, D.C.E.D.Mo., 112 F.Supp. 242. A contrary result was reached in Hoagland v. Rost, supra. In that case the court was of the opinion that American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, 19 A.L.R.2d 738, made the state law on classification of garnishment proceedings controlling. Plaintiff takes the same position here. We find nothing in the Finn case which impairs the basis of our decision in the Stoll case. In the Finn case a Texas resident brought suit against a Texas resident and two nonresident insurance companies. One of the insurance companies secured the removal of the case to the federal court. The three defendants were charged jointly and severally with liability for damages caused plaintiff by a fire loss. Since the action was joined against three defendants and was not removable as to one of the defendants, the removal proceedings were based upon section 1441(c) which provides:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The Court in the Finn case held that there was a single wrong to the plaintiff—failure to pay the loss, that liability for such loss was asserted against all defendants, and hence the claims against the defendants were not separate and independent claims.

■ We are unable to see where section 1441(c) applies to the facts of our present case. Here we have no joinder of causes of action. The only issue is the liability of the garnishee on its insurance contract. If the garnishee is liable, the amount of such liability has been established by the judgment against Stokes in the state court action. Moreover, in the present controversy we have only one defendant, the garnishee. There has been no joinder of the present civil action with any other cause of action, and certainly no joinder with a cause of action which is not removable. It does not appear that Stokes, the defendant in the state court case, is a party to this proceeding. Even if he were to be considered a party to the present proceeding, he should be aligned for jurisdictional purposes with the plaintiff, as it would be to Stokes' interest to have the judgment against him satisfied by his insurer. In re Removal Cases, 100 U.S. 457, 468, 25 L.Ed. 593; Baker v. Duwamish Mill Co., C.C., 149 F. 612; 3 Moore's Federal Practice, para. 19.03.

■ We believe that the present case, like the Stoll case, was properly removed to federal court by virtue of 28 U.S.C.A. § 1441(a). The garnishment proceeding

is a civil action. Diversity of citizenship and the jurisdictional amount are established. Consequently, the district court acquired jurisdiction.

■■■ Plaintiff next contends that the court erred in overruling her motion for a directed verdict made at the close of all of the evidence. Such motion was based solely upon the ground that "no evidence has been offered or received which raises a jury issue on the allegations of defendant's alleged failure to cooperate with the garnishee, as alleged in garnishee's answer." There is abundant evidence in the record to support a finding that Stokes failed to cooperate by not responding to the garnishee's request that he appear at the scheduled trial. Plaintiff, in her brief filed in this court, contends that the verdict should have been directed for her because the evidence conclusively shows that the garnishee breached its contract to reimburse Stokes for reasonable expenses incurred in attending trial. There is merit to the garnishee's contention that the issue now urged was not properly raised in plaintiff's motion for a directed verdict. Rule 50(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. requires that specific grounds be stated in the motion. The purpose of such requirement is to apprise the court of the movant's position. This court has held that the failure of a motion to state the specific ground relied upon is sufficient basis for denying the motion. Railway Express Agency, Inc., v. Epperson, 8 Cir., 240 F.2d 189, 193; Jones Truck Lines, Inc., v. Argo, 8 Cir., 237 F.2d 649, 652. It is obvious that the ground of the motion that the evidence fails to establish that the insured failed to cooperate is not broad enough to cover the present contention that the insured was excused from cooperation by reason of insurer's prior breach of contract to reimburse for expenses.

■■■ In any event, plaintiff was not entitled to a directed verdict. The insurance contract undertook to reimburse the insured for reasonable expenses incurred, other than loss of earnings, at the insurer's request. The trial was in St. Louis. The insured lived in East St. Louis, but worked at least part-time in St. Louis. At a previous hearing, which resulted in a mistrial, insured had spent a day attending court, and claims that he incurred expenses for bridge toll, parking fees, and lunch, in an undisclosed amount. Similar expenses would likely be incurred at the pending trial. Under the conflicting evidence disclosed by the record, the jury could find that Stokes had not advised the garnishee as to the amount of expenses incurred, and that he had not limited his demands to reimbursable expenses, but had sought primarily compensation for loss of earnings while attending court. Under its insurance policy the garnishee assumed no liability to reimburse its insured for loss of earnings occasioned by attending trial. A jury issue was presented as to garnishee's breach of its contract to reimburse for expenses. The court committed no error in overruling plaintiff's motion for a directed verdict.

■■■ Finally, we reach for consideration plaintiff's contention that the court erred in admitting certain evidence offered by the garnishee. Over the plaintiff's objection that they constituted self-serving declarations, the court admitted in evidence a telegram and various letters from the garnishee's representative to Stokes, wherein he advised Stokes that if he did not appear at the trial the insurer would not be responsible for the conduct of the trial or any costs incurred or judgment obtained. A letter written after Stokes failed to appear stated that the insurance company had withdrawn from the case, and that the company would not be responsible for the defense or any costs or judgment incurred. The earlier letter and telegram were material on the issue of whether Stokes had proper notice of the trial and to establish the request for his presence at the trial had been made. We are satisfied that the court committed no prejudicial error in receiving the exhibits. An important issue in the case was whether Stokes failed to cooperate by not reporting for

trial. It was necessary for the garnishee to establish that proper demand had been made for Stokes' appearance at the trial. Plaintiff requested no instruction limiting the purpose of the admissibility of the exhibits. Plaintiff has not argued, and certainly has not demonstrated, that the parts of the exhibits objected to do not state the legal consequence that would follow a failure to respond to a reasonable request to report at the trial, absent a legal excuse for failure so to do. The court in its instructions, in substance, properly advised the jury that, if Stokes failed to cooperate by failing to respond to a reasonable request to report for the trial, the garnishee would be relieved of liability under its policy, unless the jury find that the garnishee has previously breached the policy by refusing a reasonable request by Stokes for reimbursement of expenses.

Plaintiff also objected to evidence offered by the garnishee with reference to various phases of the trial in which plaintiff obtained judgment against Stokes in the state court, upon the sole ground that it was "an attempt to attack the judgment entered in the circuit court, and it being improper for that purpose." The garnishee stated that the evidence was introduced to show a pattern of collusion. The garnishee conceded that, if the plaintiff is entitled to recover in this action, she can recover the full amount of the judgment entered in her favor against Stokes in the state court. Evidence tending to show collusion is proper evidence on the issue of failure to cooperate. Quisenberry v. Kartsonis, Mo., 297 S.W.2d 450; Redler v. Travelers' Ins. Co., 342 Mo. 677, 117 S.W.2d 241. The evidence objected to tends to show some very unusual conduct on the part of the litigants. Evidence offered was to the effect that Stokes conferred freely with plaintiff's attorney at his office, but did not go to the office of the attorney garnishee employed to defend him. Stokes was served with notice of the action on the street in St. Louis by an officer who did not know him while Stokes was in the presence of the plaintiff's attorney. After the garnishee withdrew from Stokes' defense, Stokes appeared at the trial, but did not testify, nor did he use the expert medical testimony of the doctor who had examined the plaintiff at the garnishee's request. Stokes' attorney apparently conceded that judgment for $9,500 would be proper. After the state court heard the evidence, judgment was entered for $5,000. The state court judge, as a witness in the present case, stated, "On the medical evidence, taking into consideration the defendant's [Stokes] station in life, and the injuries this woman received, I thought I was exceedingly fair with her." After the state court refused to vacate the judgment, plaintiff appealed and, upon stipulation, the St. Louis Court of Appeals reversed the trial court judgment, and ordered the entry of judgment for the plaintiff in the amount of $10,000. As heretofore stated, the validity of the judgment is not challenged. The federal court did not abuse its discretion in admitting the foregoing evidence bearing on the lack of cooperation issue. It would also appear that such evidence might also be relevant on the issue of whether Stokes was in good faith asserting that his failure to attend the trial was due to the alleged breach in garnishee's contract to reimburse him for expenses.

Our examination of the record satisfies us that the jury was fairly instructed, and that the case was fairly tried. The jury's verdict for the garnishee is supported by substantial evidence. The plaintiff has failed to establish that the court committed any reversible error.

Affirmed.