Helms *v.* Chandler (et al., Appellant).

Argued April 25, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harry J. Bradley,* with him *John S. J. Brooks, James Patterson,* and *Brooks, Oliver, Macartney & Holl,* for appellant.

*John B. Lynch,* with him *Lynch & Johnson,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, September 27, 1966:

Bertha Helms recovered a judgment against Lewis R. Chandler and Legusata Thomas, in an action of tres-

pass arising out of an automobile accident. After entry of the judgment, Bertha Helms caused a writ of execution to issue, naming Home Mutual Casualty Company, appellant, as garnishee, and, further, serving interrogatories on Home Mutual as garnishee.

Appellant filed answers to the interrogatories and, subsequently, amended answer to the interrogatories, but neither time did it set up a defense, which it asserts is available to it, as new matter in the answers.

When the action between the plaintiff and the garnishee reached pretrial conference, appellant learned that it could not raise its defense, since it had not been included as new matter in its answer to interrogatories. Plaintiff refused to consent to an amended answer to interrogatories, which would add the new matter, and appellant petitioned the court below for leave to file the amended answer. The court below dismissed the petition for leave to file the amended answer, and this appeal followed.[1]

Plaintiff was struck by an automobile owned by defendant, Chandler, and operated by defendant, Thomas. Chandler was insured by appellant. Judgments against Chandler and Thomas were obtained for failure to file an answer, and the damages were subsequently fixed in an ex parte proceeding. The appellant insurer wishes to defend on the basis of an alleged lack of cooperation by the insured, which cooperation was required under the terms of the insurance policy. It is this defense which appellant seeks to assert in the amended answer to interrogatories, which the court below refused to allow.

---

[1] A refusal to permit an amendment is not appealable unless: ". . . it 'so restricts the pleader in respect of further amendments as, virtually, to put him out of court on the cause of action which he seeks to litigate.' Sullivan v. Philadelphia, 378 Pa. 648, 649, 107 A. 2d 854, 855 (1954)". *Local No. 163, I. Union v. Watkins*, 417 Pa. 120, 207 A. 2d 776 (1965).

Appellant argues that inasmuch as plaintiff failed to identify the interrogatories as being submitted under Rule 3144, it, the appellant, had no way of knowing that it was required to raise any defense which it might have in new matter. Appellant urges further, that the interrogatories did not contain the warning that failure to file answers within 20 days might result in judgment against it. These contentions of appellant require us to spend some time in discussing the involved rules and procedures thereunder.

In a motor vehicle trespass action resulting in judgment against an insured defendant, execution against the defendant's insurer as garnishee has long been recognized under prior practice and under the present Rules of Civil Procedure as a means of satisfying plaintiff's judgment. The defendant insurer is a garnishee within the meaning of Rule 3101(b) defining a garnishee. Service of the writ of execution under Rule 3111 constitutes the attachment. The interrogatories under Rule 3144 are "directed to the garnishee respecting property of the defendant in his possession". The form of interrogatories is set forth in Rule 3253. In the case of an insurer garnishee the standard form of interrogatories must be supplemented by additional appropriate interrogatories directed toward the existence of the insurance policy, the coverage and its terms.

The discovery in aid of execution under Rule 3117 is intended as an ancillary aid in the discovery of assets and in preparation for trial. The interrogatories under Rule 3144, however, are directly procedurally connected with the writ of attachment and designed to ascertain the property in the possession of the garnishee. Rule 3145(b) is intended to afford the garnishee an opportunity to set forth defenses respecting the property in his possession which obviously would not be relevant to the "pure" discovery proceedings under Rule 3117.

These defenses as provided by the rules should be set up under new matter, but if they are set up in the answer itself, without designating them as new matter, they are sufficient to place the plaintiff on notice. The only effect of failure to plead the defenses as new matter would be that the garnishee could not compel a reply by the plaintiff to the averments constituting its defense.

With these principles in mind, we now come to the question of the merits of the instant appeal. Initially, we find no requirement for the identification of the rule or rules under which the interrogatories are propounded. Perhaps it would be helpful to identify the rule, but such identification is not a requirement, since, in essence, the interrogatories identify themselves. Had the plaintiff followed the form prescribed by Rule 3253, the interrogatories would have been clearly identified as those prescribed by Rule 3144 et seq.

An examination of the plaintiff's interrogatories reveals that practically all of them were directed towards anticipating the defense of the garnishee insurer that he had no notice of the claim. The plaintiff further failed to endorse her interrogatories with the notice to answer, but since the garnishee did in fact answer, this error is immaterial.

The case, therefore, resolves itself into the question of whether the garnishee insurer, under the circumstances and despite the procedural errors, should be permitted to amend its pleading so as to set forth the defense of non-cooperation by the insured defendant under the lack of cooperation provision in the policy.

As long as the proposed amendment is timely made so as not to delay trial or to prejudice the plaintiff, it should be allowed.* The plaintiff had adequate notice

---

* See Rule 126, which pertinently provides: "The rules shall be liberally construed to secure the just, speedy and inexpensive de-

of the defense of lack of cooperation since it was raised at pretrial and noted in the pretrial report. Therefore, the plaintiff could not have claimed surprise at the trial. Further, the defendant not having appeared at the trial, the plaintiff was well aware, as indicated by her interrogatories, of the nature of the possible defenses of the insurer garnishee.

In such circumstances, we conclude that the court below abused its discretion in refusing to allow the amendment, and its action must be reversed.

Order reversed, and case remanded to the court below for further proceedings consistent herewith.

Mr. Justice ROBERTS concurs in the result.

termination of every action. . . . The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."