**Joanne RICHMOND**

v.

**ALLSTATE INSURANCE COMPANY.**

**Civ. A. No. 85–3599.**

United States District Court,
E.D. Pennsylvania.

Dec. 2, 1985.

Ronald L. Wolf, Donald E. Matusow, Philadelphia, Pa., for plaintiff.

Robert M. Landis, Norbert F. Bergholtz, Frank J. O'Hara, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This garnishment action originated in the Philadelphia County Court of Common Pleas. It is based upon a judgment obtained by the plaintiff, Joanne Richmond, against Bernadette Kelly in a case arising out of a motor vehicle collision which was tried in the Philadelphia Common Pleas Court. Plaintiff attempted to execute on this judgment by garnishing the property of defendant Allstate Insurance Company (Allstate) on the basis of an automobile liability insurance policy which Allstate had issued to Ms. Kelly. Allstate removed the garnishment action to this Court on the basis of diversity of citizenship and an amount in controversy of over $10,000.

Following removal, the defendant Allstate filed a motion to stay the garnishment action pending the appeal of the underlying judgment in the Superior Court of Pennsylvania. Plaintiff filed a motion to remand this action to state court. For the reasons discussed below, plaintiff's motion to remand will be granted.

■ A suit which is merely ancillary or supplemental to another action cannot be removed from a state court to a federal court. *Western Medical Properties Corp. v. Denver Opportunity, Inc.*, 482 F.Supp. 1205, 1207 (D.Colo.1980) (collecting cases and treatises). There is no controlling precedent or consensus among the federal courts on the question of whether garnishment actions should be treated as ancillary or independent civil actions. *Id.* Compare, *e.g. Butler v. Polk*, 592 F.2d 1293 (5th Cir.1979); *Swanson v. Liberty National Insurance Co.*, 353 F.2d 12 (9th Cir.1965); *Randolph v. Employers Mutual Liability Insurance Company of Wisconsin*, 260 F.2d 461 (8th Cir.1958), *cert. denied*, 359 U.S. 909, 79 S.Ct. 585, 3 L.Ed.2d 573 (1959); *Adriaenssens v. Allstate Insurance Co.*, 258 F.2d 888 (10th Cir.1958) (garnishment is an independent civil action and removable) with *American Auto Insurance Co. v. Freundt*, 103 F.2d 613 (7th Cir.1939); *Western Medical Properties, supra; Overman v. Overman*, 412 F.Supp. 411 (E.D.Tenn.1976); *Hoagland v. Rost*, 126 F.Supp. 232, 234 (W.D.Mo.1954), *Toney v. Maryland Casualty Co.*, 29 F.Supp. 785 (W.D.Va.1939) (garnishment is ancillary to the original judgment and nonremovable). *See also International Organization Masters, Mates and Pilots of America, Local No. 2 v. International Organization Masters, Mates and Pilots of America, Inc.*,

342 F.Supp. 212, 214 (E.D.Pa.1972) ("The garnishment cases [constitute] the most numerous category of 'ancillariness' decisions.... The courts are hopelessly divided in their results and reasoning, however....").

 This court views the characterization of garnishment proceedings for removal purposes as a matter of federal law rather than a matter determined by construing each state's garnishment statute. *See Chicago, Rock Island & Pacific Railroad Co. v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1953). *See also* 1A J. Moore and B. Ringle, *Moore's Federal Practice* ¶ 0.167 [12.3] at 526 (1985). After a consideration of all of the factors involved in the present case, the Court has determined that this garnishment action should be treated as a supplemental proceeding which is substantially a continuation of the prior state court suit. *See Barrow v. Hunton,* 99 U.S. (9 Otto) 80, 25 L.Ed. 407 (1879). In making this determination, this Court was influenced by the sound logic and practical approach taken by Judge Fullam in the case of *International Organization Masters, Mates and Pilots of America, Local No. 2 v. International Organization Masters, Mates and Pilots of America, Inc., supra:*

> The policies underlying the rule against removal of ancillary causes of action are nowhere well articulated. Several can be discerned or imagined, however. A party should not, as a general principle, be permitted to relitigate a state court action in the equivalent federal court. The notion of comity between state and federal courts also supports the view that a court should have control over its own process, including its mode of execution. Bifurcation of a case into two forums might do it practical violence. From a pragmatic viewpoint, it would be wasteful to have the appendage in federal court when the principal claim is being litigated in state court. The state courts may have more expeditious methods for adjudicating issues bearing on matters already *sub judice.* Finally,

it might be thought unduly burdensome for a federal court to be forced to concern itself with sometimes minor matters (e.g. garnishment) arising out of the court proceedings.

342 F.Supp. at 213–14. The above-quoted analysis supports a flexible determination of ancillariness in order that substance, rather than form, will be determinative.

In the present case, Bernadette Kelly stated by affidavit that Allstate paid the entire proceeds of her insurance policy in settlement of two other claims arising out of the same automobile accident from which plaintiff's claim arose. Plaintiff represents to the Court that Allstate unsuccessfully attempted to have plaintiff's consolidated actions against Ms. Kelly dismissed on the ground that the entire insurance proceeds were paid out to other claimants. Following the judgment for plaintiff, Ms. Kelly obtained a stay of execution and waiver of appeal bond. The order of the Superior Court provided that "Appellant's application for waiver of security and for a stay pending appeal is granted without prejudice to any rights the parties may have if an independent suit for bad faith, refusal to settle is instituted." Allstate now seeks a stay of garnishment in this Court, representing that the application for stay was captioned and docketed in only one of the two later consolidated appeals through inadvertence of counsel. Plaintiff, on the other hand, asserts that she successfully argued to the Superior Court that any stay order should be directed to Kelly and should not relieve Allstate of its obligation to post a bond for the entire amount of the verdict.

These arguments reveal to the Court that Allstate's defense based on its having paid the entire proceeds of Ms. Kelly's policy has been raised in the state trial court as well as before the Superior Court. Further, the Court is able to foresee that it will be called upon to determine the facts which gave rise to Ms. Kelly's liability to the plaintiff in order to determine whether Allstate's policy covers that liability. This is substantially a duplication of the function

performed by the state trial court. In addition the Court is being asked to provide a stay of execution despite the fact that the same relief was available by application to the state court. If the plaintiff's assertion that Allstate was deliberately excluded from the stay is correct, for this Court to grant a stay would contradict the order of the Superior Court and contravene the principles of comity. A dispute over the interpretation of the Superior Court's order would best be resolved in the state court.

In sum, the action sought to be removed is a " 'mere mode of execution or of relief, inseparably connected with the original judgment or decree.' " *Western Medical Properties, supra,* 482 F.Supp. at 1207 (quoting *International Organization Masters, supra,* 342 F.Supp. at 214). *See* Pa.R. C.P. 3101, 3103. It is therefore this Court's determination that under the circumstances discussed herein, the garnishment proceeding is not a removable "civil action" within the meaning of 28 U.S.C. § 1441(a) (1973). Therefore, this case will be remanded to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c).