**Kathleen GRAEF**

v.

**Robert J. GRAEF, Administrator of the Estate of James E. Graef, Deceased and Joel Vernon Fox and Nationwide Mutual Insurance Co.**

**Civ. A. No. 84–3459.**

United States District Court, E.D. Pennsylvania.

April 15, 1986.

Marshall Bernstein and Stewart Eisenberg, Philadelphia, Pa., for plaintiff.

Thomas E. Butler, Jr., Philadelphia, Pa., for Joel Vernon Fox.

Lowell A. Reed, Jr. and Edward A. Greenberg, Philadelphia, Pa., for Nationwide Mut. Ins. Co.

## MEMORANDUM

BECHTLE, District Judge.

On February 25, 1986, this court entered an Order, pursuant to 28 U.S.C. § 1441(a),

permitting the removal of the garnishment proceeding that arose in this case after the state had entered a judgment for plaintiff. The following sets forth the court's reasons for so ordering.

FACTS

On December 10, 1978, James E. Graef was driving an automobile northbound on I–95 with his wife, Kathleen Graef, as a passenger. The automobile crashed into the truck of Joel Vernon Fox which was parked along the side of the highway. As a result, James Graef was killed and Kathleen Graef was seriously injured. On November 21, 1979, Kathleen Graef brought an action against Robert Graef, administrator of the estate of James Graef, in the Philadelphia Court of Common Pleas.[1] Robert Graef's legal representation was provided by Nationwide Mutual Insurance Co. ("Nationwide"), since Nationwide had provided $1,500,000 in automobile insurance coverage to James Graef.

In October, 1983, a trial was held in state court, and a jury found that James Graef's negligence was the proximate cause of Kathleen Graef's injuries. Damages were given to plaintiff in the amount of $3,725,161. An appeal was then taken, alleging that certain evidence had been improperly admitted. However, no supersedeas appeal bond had been filed in accordance with Pennsylvania Rule of Appellate Procedure § 1731, *et seq.* For this reason, plaintiff was able to bring a garnishment proceeding against Nationwide in state court. Nationwide, in timely fashion, removed the garnishment proceeding to federal court based on diversity of citizenship and an amount in controversy in excess of $10,000.00. Plaintiff alleges that Nationwide is liable for the entire amount of the verdict, despite the $1,500,000 policy limit. Apparently plaintiff is alleging that Nationwide

acted in bad faith by not settling this case before trial.[2] Nationwide does not dispute the fact that it will be liable for the entire $1,500,000 if it loses its appeal before the Supreme Court of Pennsylvania, but denies any liability beyond this amount.

DISCUSSION

The controlling statute in determining whether an action is removable to federal court is 28 U.S.C. § 1441, which states:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Since the only basis for subject matter jurisdiction in the present case is based on diversity between the parties pursuant to

---

1. Joel Vernon Fox was also joined as a defendant, although he was apparently found not liable.

2. It is not clear from the garnishment pleadings if plaintiff's theory is that the insurance company acted in bad faith, although the pleadings do

allege that the insurance company is liable for the entire amount of the judgment. However, at a hearing, plaintiff's attorney did make it clear that a bad faith claim would be argued throughout the garnishment proceeding.

28 U.S.C. § 1332, § 1441(b) is inapplicable. Therefore, it must be determined whether this garnishment proceeding is removable to federal court under § 1441(a) or § 1441(c).

■ In order for § 1441(a) to be applicable, the present garnishment proceeding must be a distinct "civil action." The federal courts are split on whether a state's characterization of its own garnishment proceeding is controlling for the purposes of § 1441(a). Several courts have held that if a state characterizes its garnishment as a distinct "civil action," it is removable, but if the state fashions the proceeding as just supplemental to the underlying cause of action, then it is not removable under § 1441(a). *See, e.g., Overman v. Overman,* 412 F.Supp. 411 (E.D.Tenn.1976); *Toney v. Maryland Casualty Co.,* 29 F.Supp. 785 (W.D.Va.1939). Other courts look to the facts of the case and apply an independent federal analysis in determining whether that particular garnishment proceeding is a distinct "civil action." *See, e.g., Butter v. Polk,* 592 F.2d 1293 (5th Cir.1979); *Swanson v. Liberty Nat. Ins. Co.,* 353 F.2d 12 (9th Cir.1965); *Randolph v. Employers Mut. Liability Ins. Co.,* 260 F.2d 461 (8th Cir.1958). The latter approach is the more appropriate since the Supreme Court has stated: "It is a question of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute." *Chicago R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1953). *See, also, Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Road District v. St. Louis S.W. Ry. Co.,* 257 U.S. 547, 42 S.Ct. 250, 66 L.Ed. 364 (1922).

■ However, while a state's characterization of its garnishment proceeding should not be controlling, it is a factor that should be considered when an independent analysis is made under federal law. As Professor Moore has observed:

It is true that state law fashions its garnishment proceeding, and a federal court should accordingly recognize this in determining the nature of the proceeding that the state has created. But the state *characterization* of the proceeding as ancillary or independent should not be controlling upon the federal court for the purpose of determining whether or not the proceeding is sufficiently an independent one for purposes of removal. (Emphasis in original.)

1A T. Moore and B. Ringle, *Moore's Federal Practice* ¶ 0.167[12.3] at 526. Thus, an analysis of the criteria considered by those courts that look to state law in determining whether a garnishment proceeding is removable will be beneficial since a state's characterization of its garnishment proceeding is a factor that may help the court in determining whether this particular proceeding is a "civil action" for the purposes of § 1441(a). Among the criteria that have been considered by courts that look to a state's characterization of its garnishment procedure are (1) whether an issue of fact might be joined, and (2) whether the proceeding was adversary, calling for a judgment independent of the underlying cause. *Moore v. Sentry Insurance Company,* 399 F.Supp. 929, 930–31 (1975) (collecting cases).

Based on judicial interpretation of Pennsylvania's garnishment proceeding under Pa.R.C.P. § 3101, *et seq.,* it is clear that an issue of fact may be raised, and that the proceeding can be adversary, calling for a judgment independent of the underlying cause of action. *Shaw v. Botens,* 403 F.2d 150 (3d Cir.1969); *Shearer v. Reed,* 286 Pa.Super. 188, 428 A.2d 635 (1981). In *Shaw v. Botens, supra,* the third circuit held that through Pennsylvania's garnishment proceeding a plaintiff could allege that an insurer had acted in bad faith in representing a defendant. *Id.* at 155.

In *Shearer v. Reed, supra,* a plaintiff obtained a judgment in the amount of $34,-257.00 against an insured defendant, based on the claim that this defendant's negli-

gence had led to plaintiff's injuries. As a result, the defendant's insurer paid the plaintiff $10,000.00, which was the limit of the defendant's insurance policy. The plaintiff then brought a garnishment proceeding against both the defendant and the insurer for the additional $24,000.00. A separate jury trial was held to determine whether the insurance company had acted in bad faith in offering to settle the case before trial. A verdict was returned in favor of the plaintiff.

■ As the *Shearer* case clearly shows, a distinct "civil action" can be brought through a Pennsylvania garnishment proceeding. However, such a determination is not controlling. In the end, it is a federal question as to whether a particular action is removable. For example, one leading case has found a garnishment proceeding to be a distinct "civil action" even though the state characterized it as supplementary to the underlying cause of action. *Randolph v. Employers Mutual Liability Ins. Co. of Wis.*, 260 F.2d 461 (8th Cir.1958) (quoted with approval by Professor Moore, 1A T. Moore and B. Ringle, *Moore's Federal Practice* ¶ 0.167[12.3] at 528 (2ed 1985)).

Yet, even under an independent federal analysis it is clear that this garnishment proceeding is a distinct "civil action" for the purposes of § 1441(a). The reasoning in *Randolph Employers Mutual Liability Ins. Co. of Wis., supra,* provides guidance. In *Randolph,* plaintiff was a passenger in the defendant's car when it collided with a train. Plaintiff brought an action against the defendant, who was insured by Mutual Liability Insurance Company of Wisconsin ("Mutual"). Judgment was entered for plaintiff in the amount of $10,000.00. Plaintiff then brought a garnishment proceeding against Mutual for the amount of the judgment. Mutual removed the case to federal court under § 1441(a), and alleged that the defendant had breached his contract by failing to cooperate at the trial between plaintiff and defendant. *Id.* at 462–63.

In determining whether the garnishment proceeding was a distinct "civil action" under § 1441(a), the court looked at the facts presented in the case before it and provided the following analysis:

> Here we have no joinder of causes of action. The only issue is the liability of the garnishee on its insurance contract.... Moreover, in the present controversy we have only one defendant, the garnishee.... It does not appear that Stokes, the defendant in the state court case, is a party to this proceeding. Even if he were to be considered a party to the present proceeding, he should be aligned for jurisdictional purposes with the plaintiff, as it would be to Stokes' interest to have the judgment against him satisfied by his insurer. *In Re Removal Cases,* [10 Otto 457] 100 U.S. 457 [25 L.Ed. 593].... We believe that the present case ... was properly removed to federal court by virtue of 28 U.S.C. § 1441(a).

*Id.* at 464.

In the present garnishment proceeding the only issue is whether the insurance company acted in bad faith in failing to settle the claim of the plaintiff against its insured before trial between plaintiff and the insured. This issue is completely different and separate from the central issue in the state court proceeding which was whether the insured, James Graef, had been negligent in respect to the plaintiff. Furthermore, Robert Graef is not a party in the garnishment proceeding, but even if he were a party, since it is in Robert Graef's best interest to have the judgment against him satisfied by Nationwide, he would be aligned for jurisdictional purposes with plaintiff. Consequently, the "true" defendant in the garnishment proceeding, Nationwide, is different from the "true" defendant in the original state action, Robert Graef. Applying the reasoning of *Randolf, supra,* it must be concluded that under an independent federal analysis the garnishment proceeding here is a distinct "civil action."

In short, since Pennsylvania has fashioned its garnishment proceeding as a distinct "civil action," and more importantly, since this particular garnishment proceeding is upon analysis shown to be a distinct "civil action," its removal to federal court pursuant to 28 U.S.C. § 1441(a) is proper.[3]

---

**3.** Since this proceeding can be removed under § 1441(a) as a distinct "civil action," § 1441(c) would be inapplicable. If this court had determined that the garnishment proceeding was part of the same cause of action, then it would have to be determined that the garnishment proceeding was a "separate and independent" claim for the purposes of § 1441(c) in order to have the proceeding removed to federal court. For a thorough analysis of removal under § 1441(c), see Moore & VanDercreek, *Multi-Party, Multi-Claim Removal Problems: The Separate and Independent Claim Under Section 1441(c)*, 46 Iowa L.Rev. 489 (1961).