**Timothy SCANLIN Plaintiff,**

v.

**UTICA FIRST INSURANCE COMPANY Defendant.**

**No. 3:06 CV 385.**

United States District Court, M.D. Pennsylvania.

April 6, 2006.

Howard A. Rothenberg, Herlands Rothenberg & Levine, Scranton, PA, for Plaintiff.

Jay Barry Harris, Lee Applebaum, Fineman, Krekstein & Harris, P.C., Philadelphia, PA, for Defendant.

## MEMORANDUM

KOSIK, District Judge.

Before the court is the plaintiff, Timothy Scanlin's (hereinafter "Plaintiff") motion to remand to state court. This garnishment action follows a suit for personal injuries filed by Plaintiff against Robert Brown and Marywood University in the Lackawanna County Court of Common Pleas. Plaintiff and Mr. Brown entered into an agreement pursuant to which: (1) judgment in the amount of $350,000 was entered against Mr. Brown; (2) Mr. Brown assigned to Plaintiff any claims that Mr. Brown had against his insurer, UTICA First Insurance Company (hereinafter "Utica"); and, (3) Plaintiff agreed not to execute the judgment against Mr. Brown. Plaintiff initiated the instant garnishment action by serving UTICA with a writ of execution. UTICA removed the matter to this court with jurisdiction founded upon diversity. For the reasons that follow, we will deny Plaintiff's motion to remand and direct Plaintiff to file a complaint within twenty (20) days of the attached order.

## I. BACKGROUND

On August 6, 2002, Plaintiff brought an action for personal injuries against Robert Brown and Marywood University. Plaintiff alleged that Mr. Brown struck Plaintiff with a chair on or about March 18, 2000. Mr. Brown's parents held a homeowner's insurance policy with UTICA at the time of the assault. On February 26, 2001, Mr. Brown pleaded guilty to criminal charges arising from the incident. On November 12, 2002, UTICA notified Mr. Brown's parents that coverage would not be provided and that counsel retained by UTICA for Mr. Brown would request withdrawal. On February 5, 2003, the Lackawanna County Court of Common Pleas granted Mr. Brown's counsel leave to withdraw. Plaintiff subsequently reached an agreement with Mr. Brown pursuant to which the latter would permit an award of $350,000 to be entered against him and assign to Plaintiff any claims, including bad faith, that Mr. Brown had against UTICA resulting from it's denial of coverage. In exchange for the entry of an award and the assignment of claims, Plaintiff agreed to abstain from enforcing the judgment against Mr. Brown. On March 23, 2005, Judge Carmen Minora of the Lackawanna County Court of Common Pleas signed an order entering judgment in favor of Plaintiff. Judge Minora's order included the following: "IT IS FURTHER ORDERED AND DECREED that the Honorable Carmen Minora of the Court of Common Pleas of Lackawanna County shall retain jurisdiction over this matter and all matters related to this Judgment."

On January 19, 2006, Plaintiff filed a praecipe for writ of execution to be served upon UTICA in order to enforce the judgment entered against Mr. Brown. Plaintiff filed the praecipe under the same state court docket number as the suit between Plaintiff and Mr. Brown. UTICA received the writ on January 23, 2006. The sheriff's return of service of the writ upon UTICA was filed on January 30, 2006. UTICA filed a notice of removal with this

court on February 21, 2006, on the basis of diversity jurisdiction. (Doc. 1). Plaintiff filed a motion to remand on February 22, 2006. (Doc. 2). UTICA filed a response and both parties filed subsequent reply and sur-reply briefs. (Docs. 3, 6–9).

## II. DISCUSSION

Plaintiff's motion seeks to remand this action to Judge Minora of the Lackawanna County Court of Common Pleas. Plaintiff notes that the state court order entering judgment in favor of Plaintiff and against tortfeasor, Robert Brown, provides that Judge Minora of the Court of Common Pleas for Lackawanna County is to retain jurisdiction over that matter and, "all matters related to [the] judgment." Plaintiff contends that the garnishment action against UTICA is a matter related to the judgment entered in the tort action to which UTICA was not a party. Plaintiff concludes, therefore, that the state court retains jurisdiction in this instance. More recently, in his reply brief in support of the motion to remand, Plaintiff requests that we alternatively consider his motion as one for abstention. Plaintiff requests that we stay any further proceeding until the state court has had the opportunity to conduct a hearing on the garnishment action. Neither of Plaintiff's arguments persuade us to decline jurisdiction.

### A. STANDARD OF REVIEW—MOTION TO REMAND

■■ Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States." 28 U.S.C. § 1441(a). An action shall be remanded pursuant to 28 U.S.C. § 1447(c), at any time the district court appears to lack jurisdiction. A defendant may re-

move an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State. *Lincoln Prop. Co. v. Roche*, —— U.S. ——, ——, 126 S.Ct. 606, 610, 163 L.Ed.2d 415 (U.S.2005). Upon a motion to remand, the removing party bears the burden of demonstrating that removal was proper. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court. The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir.2005) (citing *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir.2004)). Ruling on the removal of any action is the prerogative of the federal courts. *See Harrison v. St. Louis & S.F.R. Co.*, 232 U.S. 318, 329, 34 S.Ct. 333, 58 L.Ed. 621 (1914) ("as the right given to remove by the United States law is paramount, it results that it is also of the essence of the right to remove, that when an issue of whether a prayer for removal was rightfully asked arises, a Federal question results which is determinable by the courts of the United States free from limitation or interference arising from an exertion of state power").

### B. REMOVAL OF GARNISHMENT ACTION

#### 1. Procedure And Substance Of Garnishment Actions in Pennsylvania

■■ Generally, a garnishment action is a means by which a plaintiff may recover upon judgment against a defendant by executing against a third party holding property or some other interest owed to the defendant. The procedure for garnishment actions in Pennsylvania is set forth in Pa.R.Civ.P. 3101–59. A garnish-

ment action is initiated when a plaintiff files a praecipe for writ of execution to be served upon the garnishee. The plaintiff may then file and serve interrogatories upon the garnishee that frame the issues to be litigated. Pa.R.Civ.P. 3144. "The procedure between the plaintiff and the garnishee shall, as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in a civil action." Pa.R.Civ.P. 3145(a).

 Pennsylvania courts permit a tort plaintiff to institute a garnishment action against a defendant's insurer. "In a motor vehicle trespass action resulting in judgment against an insured defendant, execution against the defendant's insurer as garnishee has long been recognized under prior practice and under the present Rules of Civil Procedure as a means of satisfying plaintiff's judgment. The defendant insurer is a garnishee within the meaning of Rule 3101(b) defining a garnishee. Service of the writ of execution under Rule 3111 constitutes the attachment." *Helms v. Chandler*, 423 Pa. 77, 80, 223 A.2d 30 (Pa.1966). Insurance coverage issues may be litigated in a garnishment action. *See Id.* (permitting defendant insurer to file amended new matter asserting no coverage owed insured due to his failure to cooperate in defense of underlying personal injury action); *see also Jennison v. Aacher*, 201 Pa.Super. 583, 193 A.2d 769 (1963) (affirming denial of garnishee's motion for judgment n. o. v. in action where garnishee offered defense of tortfeasor's failure to cooperate in underlying personal injury action). Specifically, bad faith claims against a tort defendant's insurer may be raised in garnishment proceedings. *See Shearer v. Reed*, 286 Pa.Super. 188, 428 A.2d 635 (1981) (affirming jury award in bad faith garnishment action).

## 2. Flexible Analysis Employed To Determine Whether Garnishment Proceedings Properly Removed

The Third Circuit has not addressed whether a garnishment action in state court may be removed to a federal district court on diversity grounds. Similarly, there is no helpful precedent from this District Court on the issue. There are several reported cases dealing with the issue from the Eastern District of Pennsylvania. The Eastern District cases fail to provide one rule governing the removal of all garnishment proceedings. Rather, those cases rely upon a flexible analysis to determine whether a particular action is removable on a case by case basis. We find the reasoning employed in the Eastern District opinions persuasive and apply a similar analysis here.

In its brief in opposition to Plaintiff's motion, UTICA relies heavily upon the Eastern District case of *Graef v. Graef*, 633 F.Supp. 450 (E.D.Pa.1986), for the proposition that Pennsylvania garnishment actions are removable to federal court. *Graef* involved a motor vehicle accident in which the plaintiff/wife won a verdict against the defendant/husband in state court. Plaintiff then pursued a garnishment action in state court against defendant's insurer, apparently seeking damages based upon a claim of bad faith. *Id.* at 451. The insurer/garnishee, removed the matter to federal court, with jurisdiction founded upon diversity. The plaintiff challenged the removal.

The *Graef* court's analysis of the removability of a garnishment action focused on whether the claim constituted a "distinct 'civil action'" under 28 U.S.C. § 1441(a). *Graef*, 633 F.Supp. at 452. Writing for the court, Judge Bechtle determined that the garnishment proceeding before the court was indeed a separate "civil action" and,

therefore, removable pursuant to 28 U.S.C. § 1441(a). In reaching his decision, Judge Bechtle rejected the notion that a state's own characterization of its garnishment proceedings should control whether the action is deemed a distinct "civil action." *Id.* Judge Bechtle noted, however, that a state's characterization of it's garnishment proceedings was a factor that could assist a federal court in reaching its decision on a motion to remand. The court then cited Pennsylvania precedent, specifically *Shearer v. Reed,* as evidence that a garnishment action could be construed as a distinct "civil action." Judge Bechtle noted that in *Shearer,* the garnishment action subsequent to a tort judgment concerned a new claim against the defendant's insurer for bad faith. *Id.* at 453. The Eastern District found that the new bad faith claim in the *Shearer* garnishment action evidenced that, "a distinct 'civil action' can be brought through a Pennsylvania garnishment proceeding." *Id.*

Turning to an analysis of federal law, the *Graef* court cited the reasoning set forth in the Eighth Circuit decision *Randolph v. Employers Mutual Liability Ins. Co. of Wis.,* 260 F.2d 461 (8th Cir.1958), as further support that state garnishment actions may be removed to federal court. The Eighth Circuit held removal of a garnishment proceeding to be appropriate in *Randolph* because the salient issues and defendant in the garnishment action were distinct from those of the related tort case. In applying the *Randolph* analysis to the case before it, the *Graef* court noted that the relevant issue in the garnishment action was whether the defendant's insur-

ance company acted in bad faith in failing to settle the underlying tort action for less than the defendant's insurance policy limits. *Graef,* 633 F.Supp. at 453. Judge Bechtle determined that the issue was "completely different and separate from the central issue in the state court proceeding which was whether the insured, James Graef, had been negligent in respect to the plaintiff." *Id.* The court additionally noted that the tort defendant was not a party to the garnishment proceeding. *Id.* The court held that the garnishment proceeding presented in *Graef* was a "distinct 'civil action'" properly removed to federal court. *Id.* at 454.

Other Eastern District cases have applied a similar analysis in holding that the particular Pennsylvania garnishment proceedings before the court were not removable. *See e.g. Haines by Midlantic Bank v. Donn's Inc.,* 1995 WL 262534 (E.D.Pa. 1995); *Lexington Ins. Co. v. Trustees of the Univ. of Penn., et al.,* 1987 WL 16041 (E.D.Pa.1987)[1]; *Richmond v. Allstate Ins. Co.,* 624 F.Supp. 235 (E.D.Pa.1985). In *Richmond,* the plaintiff received a judgment in state court against an insured defendant for personal injuries sustained in a motor vehicle accident. *Richmond,* 624 F.Supp. at 236. The plaintiff then instituted a garnishment action against the tort defendant's insurer. The garnishee insurer removed the case to federal court. Thereafter, the garnishee filed a motion to stay the federal action pending appeal of the state judgment to the Superior Court of Pennsylvania. The plaintiff filed a motion to remand to state court.

1. *Lexington Ins. Co.* was not removed to district court. Rather, it came before the district court as a declaratory judgment action. The insurer garnishee sought declaratory judgment on coverage issues that had been raised in a garnishment action in Pennsylvania state court subsequent to a medical malpractice action. In staying the action, the court reasoned that permitting the action to proceed would essentially be removing to the federal court, "as a declaratory judgment action, what [the court] would otherwise conclude is a nonremovable garnishment action." *Id.* at *1.

In analyzing the two motions, the *Richmond* court noted that "a suit which is merely ancillary or supplemental to another action cannot be removed from state to federal court." *Richmond,* 624 F.Supp. at 236 (citing *Western Medical Properties Corp. v. Denver Opportunity, Inc.,* 482 F.Supp. 1205, 1207 (D.Colo.1980)). After concluding that there was no consensus among the federal courts on whether a garnishment action is removable, the *Richmond* court set about to determine if the garnishment action before it was ancillary to the related tort action or a distinct "civil action" removable pursuant to 28 U.S.C. § 1441(a). The court determined that a flexible "ancillariness" analysis should be applied, one in which "substance, rather than form, [was] determinative." *Id.* at 237.

The *Richmond* court pointed out that questions of insurance policy limits and coverage were presented to the state trial court in the related tort action and that coverage issues were the subject of the appeal of the judgment to the Pennsylvania Superior Court. The Eastern District additionally foresaw that if it were to permit the removal, it would be called upon to determine the facts that gave rise to the insured's liability to the plaintiff in order to determine whether the garnishee insurer's policy covered that liability. *Id.* Finally, the district court expressed concern that it would be called upon to interpret an order previously entered by the Pennsylvania Superior Court and disputed by the parties. *Id.* at 238. Applying the flexible case by case analysis, the Eastern District concluded that the relief sought by the garnishee was inseparably connected with the original tort judgment. *Id.* The court held the matter could not be considered a removable "civil action" under 28 U.S.C. § 1441(a). *Id.*

The Eastern District cited to both *Richmond* and *Graef* when granting a plaintiff's motion to remand in *Haines by Midlantic Bank v. Donn's Inc.* The *Haines* opinion considered three questions to determine whether the garnishment proceeding was removable: (1) was the proceeding "substantially a continuation of the prior state court suit?"; (2) was the "issue in the garnishment action completely separate from the central issue in the state court proceeding?"; and, (3) was "the true defendant the same in the garnishment and state court actions?" *Haines by Midlantic Bank,* 1995 WL 262534, *2 (citing *Richmond,* 624 F.Supp. at 237; and *Graef,* 633 F.Supp. 450) (internal quotations omitted). Applying the three questions to the facts presented in *Haines by Midlantic Bank,* the court held: (1) the garnishment action was merely a continuation of the underlying suit; (2) the issue in the garnishment action was nearly identical to the issue in the state court proceeding; and, (3) the true defendant in the garnishment action was the same as the defendant in the state court action. The court concluded that the garnishment action was ancillary to the state action and that removal to federal court was inappropriate. *Id.*

We make no hard and fast rule regarding the removal of all Pennsylvania garnishment proceedings. It is evident from a review of Pennsylvania case law that garnishment proceedings may act as entirely new actions. As noted above, Pennsylvania courts permit a tort plaintiff to institute a garnishment action against a defendant's insurer in order to resolve coverage issues and even to assert bad faith claims. *See Helms,* 423 Pa. 77, 223 A.2d 30 (garnishment action against tort defendant's insurer); *Jennison,* 201 Pa.Super. 583, 193 A.2d 769 (coverage issues litigated in garnishment action against tort defendant's insurer); *Shearer,* 286 Pa.Super.

188, 428 A.2d 635 (insurance bad faith claim in garnishment proceeding). However, other garnishment actions may be a mere continuation of a related state claim that should not be deemed distinct civil actions for the purposes of the federal removal statute. We agree with the *Graef* court that a district court should look to the facts of each case and apply an independent federal analysis to determine whether that particular garnishment proceeding is a distinct "civil action." *Graef,* 633 F.Supp. at 452 (citing *Butler v. Polk,* 592 F.2d 1293 (5th Cir.1979); *Swanson v. Liberty Nat. Ins. Co.,* 353 F.2d 12 (9th Cir.1965); *Randolph v. Employers Mut. Liability Ins. Co.,* 260 F.2d 461 (8th Cir. 1958)).

▆▆▆ In aid of this determination, we adopt an analysis resembling that employed in the above Eastern District cases and in the Eighth Circuit's *Randolph v. Employers Mutual Liability Ins. Co. of Wis.* opinion. First, we determine whether the issue sought to be resolved in the garnishment proceeding is separate from the issues presented in the prior state court action. Second, we inquire whether the true defendant in the garnishment proceeding was also a defendant in the related state action. Unity of either issue or defendant in the prior state action and subsequent garnishment proceeding will favor the conclusion that the garnishment proceeding is merely ancillary to, or a continuation of, the prior state case. The presence of disparate issues and defendants supports a holding that the garnishment proceeding is a distinct "civil action," subject to removal under 28 U.S.C. § 1441(a).

### 3. Removal Of Present Case Appropriate

▆▆▆ The issue sought to be resolved in the instant garnishment proceeding is distinct from the issue presented in the related personal injury action. In the Lackawanna County case, the salient issue was the liability of defendants, Robert Brown and Marywood University, for the injuries sustained by Plaintiff. A judgment was entered by an agreement entered into by Plaintiff and Mr. Brown. Whether or not the UTICA policy of insurance held by Mr. Brown's parents applied to provide coverage for the judgment was neither argued before, nor decided by, the Court of Common Pleas for Lackawanna County. The lone issue to be resolved in the garnishment action is whether UTICA acted in bad faith in denying Mr. Brown a defense in the tort case and failing to indemnify Mr. Brown against the judgment. The issues presented in the two actions are unique.

The identity of the defendants in the two actions are also distinct. The state personal injury suit named Robert Brown and Marywood University as defendants. UTICA is the sole defendant listed in any of the filings in the garnishment proceeding. Robert Brown is not a party to the garnishment action as he assigned to Plaintiff any claims that he may have had against UTICA, including bad faith, in exchange for Plaintiff's agreement not to enforce the state court judgment against Mr. Brown. It is patent that the garnishment action concerns a new claim against a new defendant. As a result, the present garnishment proceedings may only be labeled a distinct "civil action" under 28 U.S.C. § 1441(a).

The present action meets all other requirements for removal based upon diversity jurisdiction. This court would have had original jurisdiction over case as the parties are diverse and the amount in controversy exceeds $75,000. Moreover, 28 U.S.C. § 1441(b) is satisfied as the lone defendant, UTICA, is not a Pennsylvania resident. UTICA filed its notice of remov-

al within thirty days after it was served with the writ of execution as mandated by 28 U.S.C. § 1446(b). Finally, as we have determined that the garnishment action is a distinct civil action, the one year limitation set forth in 28 U.S.C. § 1446(b) did not start to run until January 19, 2006, the date Plaintiff filed a praecipe for writ of execution in state court. Accordingly, the matter was properly removed to this court on the basis of diversity jurisdiction.

■ The state court order retaining jurisdiction over matters related to the judgment in the prior tort action is of no consequence to our analysis. UTICA is afforded the right to remove cases to this court by federal statute. 28 U.S.C. § 1441. It is the exclusive province of this court to decide whether UTICA's removal is appropriate under that statute. "[W]hen an issue of whether a prayer for removal was rightfully asked arises, a Federal question results which is determinable by the courts of the United States free from limitation or interference arising from an exertion of state power." *Harrison,* 232 U.S. at 329, 34 S.Ct. 333. Plaintiff errs in asserting that the March 23, 2005, state court order retaining jurisdiction over "all matters related to this Judgment" compels this court to order a remand.

### C. ABSTENTION

■ Plaintiff contends, in the alternative, that an unidentified abstention doctrine applies to limit this court's jurisdiction. Plaintiff cites to *Naylor v. Case & McGrath, Inc.,* 585 F.2d 557 (2d Cir.1978); *Glen 6 Assoc., Inc. v. Dedaj,* 770 F.Supp. 225 (S.D.N.Y.1991); and *Shepard v. Egan,* 767 F.Supp. 1158 (D.Mass.1990), to support abstention in this instance. Plaintiff neither explains the holdings of the above cases, nor applies the rules of law to the facts present here. Plaintiff merely requests that this court stay any further proceedings until Judge Minora of the Court of Common Pleas for Lackawanna County holds a hearing on the garnishment action. Plaintiff's assertions are without merit.

The cases cited by Plaintiff in support of abstention do not apply to the facts presented. In *Naylor v. Case & McGrath, Inc.,* the Second Circuit declined jurisdiction pursuant to the *Pullman* abstention doctrine due to the fact that there was uncertainty about the state law that served as the basis for the plaintiff's claim. *Naylor,* 585 F.2d at 565 (citing *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 499, 61 S.Ct. 643, 85 L.Ed. 971 (1941)). In *Glen 6 Assoc., Inc. v. Dedaj,* the Southern District of New York cited to *Naylor* to justify abstaining from a case that involved unsettled questions of state landlord tenant law. *Glen 6 Assoc., Inc. v. Dedaj,* 770 F.Supp. at 228–29. *Shepard v. Egan* concerned a civil rights case composed of state and federal claims. The district court determined that the Eleventh Amendment to the Constitution barred some of the claims from being pursued in federal court. *Shepard,* 767 F.Supp. at 1161. Due to the "exceptional circumstances" presented, the court then applied the *Colorado River* abstention doctrine to avoid piecemeal litigation and duplicative state and federal proceedings. *Id.* at 1163–64.

As noted above, this case presents an issue distinct from the issues presented in the related state personal injury action. The bad faith claim to be decided in this garnishment action cannot be characterized as state law about which great uncertainty remains. Accordingly, abstention pursuant to the *Pullman* doctrine, as applied in *Naylor* and *Glen 6 Assoc., Inc.,* is inappropriate. Having been removed to this court, there are no remaining claims to be litigated in state court. There is no

252

risk of duplicative proceedings or piece-meal litigation, factors essential for abstention pursuant to the *Colorado River* doctrine. Neither the cases cited by Plaintiff, nor the abstention doctrines established in the seminal cases of *Railroad Commission v. Pullman Co., Burford v. Sun Oil Co.,* and *Colorado River Water Conservation District v. United States,* support an order staying or remanding the present case.

## III. CONCLUSION

The garnishment action before this court concerns an issue unique from the prior state court personal injury action. The present defendant was not a party to the prior case. Accordingly, Plaintiff's garnishment action against UTICA is a distinct "civil action," removable to this court pursuant to 28 U.S.C. § 1441(a). The language of the March 23, 2005, state court order neither abrogates UTICA's right to remove the case to federal court pursuant to the above statute, nor divests this court of its jurisdiction. There is no basis for abstention. Plaintiff's motion to remand will be denied. Plaintiff will be provided twenty (20) days within which to file a complaint.

### ORDER

AND NOW, this 6th day of April, 2006, IT IS HEREBY ORDERED THAT:

■ the plaintiff's motion to remand to state court (Doc. 2) is **DENIED**; and

■ the plaintiff is directed to file a complaint within twenty (20) days of this order.